IDA MONHOF, Respondent, *v.* WILLIAM G. HAPPY, Appellant.

Supreme Court, Appellate Term, First Department, June 28, 1932.

*Relyea, Bunnell & Bunnell* [*Alfred R. Bunnell* of counsel], for the appellant.

*Arthur T. Sawyer*, for the respondent.

PER CURIAM. Plaintiff sues for work, labor and services, but on her own showing her claim for same would be barred by the Statute of Limitations. She claims, however, a payment on account to avert the effect of the statute. Defendant shows that at the time the payment was made the following agreement was entered into:

"*Dec.* 14/29

" WILLIAM G. HAPPY
    " 43 Leonard Street
        " New York.
" Miss IDA MONHOF.
    " I.O.U. Six hundred and eighty dollars in full settlement of any and all claims which you may have against me to date. Same to be paid by me at my convenience.       WM. G. HAPPY.
" O.K.
    " IDA MONHOF."

Whether or not plaintiff might sue on the original claim or is relegated to the new agreement is immaterial. A payment to avert the Statute of Limitations may be qualified and limited as a new promise may be. (37 C. J. 1144; *Blair* v. *Lynch*, 105 N. Y. 636.) Whichever claim plaintiff sought to enforce, the condition would attach if the agreement to pay at defendant's convenience was a condition. A promise to pay a debt " when able " has been held a conditional one and not to authorize a recovery unless ability to pay is shown. (*Tebo* v. *Robinson*, 100 N. Y. 27.) (See, also, *Work* v. *Beach*, 12 N. Y. Supp. 12, and authorities there cited.) And it has been similarly held as to a promise to pay " when it is convenient." (*Cocks* v. *Weeks*, 7 Hill, 45; *Edmunds* v. *Downes*, 2 Cromp. & M. 459; 149 Eng. Rep. [Full Reprint] 840.) It was error, therefore, to award summary judgment as defendant showed *prima facie* that it was not convenient for him to pay.

Judgment and order reversed, with ten dollars costs to appellant to abide the event, and motion denied.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.