WALTER SIEPKA, Appellant, *v.* JOHN BOGULSKI, Respondent.

Supreme Court, Special Term, Erie County, November 13, 1937.

*Dinah R. Rosenblatt*, for the appellant.

*Barrett & Blazejewski*, for the respondent.

HARRIS, J. On a suit involving $121 and interest thereon, the defendant made a motion before the City Court of Buffalo for a dismissal of seventy-five dollars of the amount claimed in the action on the ground that the cause of action as to such seventy-five dollars did not accrue within the time limited by law for the commencement of an action thereon. Although it is true that such objection could be raised by motion (Civ. Prac. Act, § 30), the same question could have been raised by answer, and thus disposition of the entire issues in the action could have been made at the trial without the expense of a separate appeal on the question now under consideration. The motion was granted, and we now have before us an appeal from the order granting such motion.

The complaint sets forth two causes of action, one alleging the rental by the plaintiff to the defendant of certain premises on a month-to-month tenancy for a specified and agreed rental of twenty-five dollars a month for the months of May, June and July, 1931, and of twenty-three dollars a month for the months of August and September, 1931. The second cause of action is alleged on account stated. Suit was commenced by the service of a summons on the 30th day of July, 1937. Unless the cause of action

alleged on account stated were permitted to stand, the court would of necessity have been compelled to dismiss that portion of the complaint which demanded seventy-five dollars for the rents of the months of May, June and July, 1931. (Civ. Prac. Act, § 48, subd. 1.) Therefore, it becomes necessary to examine the complaint to ascertain whether there is pleaded therein a true account stated. On this claim the facts set forth by the plaintiff in the complaint are briefly as follows: That on September 8, 1931, a final order of the City Court was made directing judgment for the plaintiff herein and removing the defendant herein from the possession of the premises described in the complaint herein, which final order recited that such removal was due to the non-payment of rent in the sum of $121, and which sum of $121 included the $75 above mentioned, but which order did not grant judgment for said sum of $121; and further that at various times later than September 1, 1931, the defendant admitted the total indebtedness of $121, and promised to pay such indebtedness to the plaintiff at some later but unspecified time when he would have the money.

There can be no doubt that on the rendition of a true account stated which includes the promise to pay the amount stated and agreed upon, the Statute of Limitations begins to run anew. Such account may be stated orally or in writing. But, as this court understands the law, an account stated arises when two parties who are alleged to hold the relation of creditor and debtor had in their minds an uncertainty as to what is really owing from one to the other. This uncertainty may arise from the accumulation of various items bought and sold; it may arise from counter accounts; it may arise from a dispute as to the amount owing. If one of the situations as hereinabove just described exists, then, if the parties agree upon the balance or amount owing, and the debtor either impliedly or expressly agrees to pay that amount, there is a true account stated, and the statute runs from the date on which such agreement was made.

The rule is different in reference to accounts claimed to be accounts stated where the suit is brought upon a liquidated indebtedness such as a specific promise evidenced by a rental agreement for a fixed amount of rent, or by a promissory note. The weight of authority is that there can be no account stated upon such a liquidated original agreement. This must be due to the fact that if parties agree to pay and to receive a specified sum, the statement of account is simply a reiteration of that concerning which agreement has already been made, and there is no reason that the statute should begin anew and that the debtor should be deprived of the

privilege of claiming the running of the statute from the original due date of the liquidated indebtedness. (*Young* v. *Hill*, 67 N. Y. 162, 174; *Schutz* v. *Morette*, 146 id. 137; *Slayback* v. *Alexander*, 179 App. Div. 696; *Delabarre* v. *McAlpin*, [1905] 101 id. 468; *Monhof* v. *Happy*, 144 Misc. 208; *West* v. *Cartledge*, 5 Hill, 488; *Jasper Trust Co.* v. *Lamkin*, 162 Ala. 388; 50 S. 337; *Crane* v. *Stansbury*, 173 Cal. 631, 635; 161 P. 7; *Bennett* v. *Potter*, 180 Cal. 736, 745; 183 P. 156; *Murphy* v. *Oregon Engr. Co.*, 94 Ore. 534; 186 P. 12.)

The seventy-five dollars rent having been a specified and agreed amount at the time of the original contract of rental, the plaintiff did not allege a true account stated in his complaint in the City Court, and the judgment of the City Court is affirmed, with ten dollars costs to the respondent.