WILFRED V. EGAN, Individually and as Executor and Trustee under the Will of JOHN EGAN, Deceased, et al., Plaintiffs, v. CARROLL-GARFIELD CORPORATION et al., Defendants.*

Supreme Court, Special Term, Kings County, July 11, 1945.

* Cf. *Kirschner* v. *Cohn*, 185 Misc. 526.

*Joseph J. Schwartz* for Carroll-Garfield Corporation and another, defendants.

*Robert L. Callahan* for plaintiffs.

KADIEN, J. In this action brought to foreclose a mortgage dated July 17, 1929, the complaint alleges a default in the payment of interest on October 17, 1938. It further alleges a default in the payment of installments of principal which became due and payable pursuant to the provisions of section 1077-g of the Civil Practice Act commencing October 1, 1942, and quarterly thereafter.

The defendants move pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the action is barred by the Statute of Limitations embodied in the Civil Practice Act, section 47-a, in that the plaintiffs' cause of action accrued not later than twenty days after the 17th day of October, 1938, which is the first default in the payment of interest alleged in the complaint. The contention of the plaintiffs that the complaint alleges a new and distinct cause of action created by section 1077-g of the Civil Practice Act as to which the Statute of Limitations has not run is untenable. Accordingly, the motion of the defendants is granted. (See *Stuebner* v. *Stuebner,* 184 Misc. 1034.) Settle order on notice.

(On reargument, September 24, 1945.)

Motion for reargument denied. It might be pointed out that by the terms of the bond and mortgage the entire principal became due and payable on July 16, 1936. The moratory statutes would have effected an extension of payment to July 1, 1946, but for the nonpayment of interest due on October 17, 1938, and thereafter. By such nonpayment " the rights and remedies of the holder of the mortgage " were not affected by the moratorium (Civ. Prac. Act, § 1077-a). That being the case, the holders could have invoked their remedies after the expiration of the twenty-day grace period following the nonpayment of interest due October 17, 1938. This was not done, and since the entire principal of the mortgage was by *its terms past due* (July 16, 1936) and no exercise of option therefore necessary, section 47-a of the Civil Practice Act is applicable.