JENNY S. MAYER, Appellant, *v.* JAMES J. MIDDLEMISS, JR., Respondent.

Supreme Court, Appellate Term, Second Department, April 18, 1946.

*Albert A. DuPont* and *Paul C. Ludwig, Jr.*, for appellant.

*John F. Middlemiss* for respondent.

MEMORANDUM *Per Curiam.* On this record plaintiff had no greater claim than was represented by the amount tendered before action. The defendant, however, did not keep the tender good at the trial. Tender of payment does not pay the debt. It stops interest and avoids costs. (*Jefferson Title & Mortgage Corp.* v. *Dempsey,* 266 N. Y. 190; *Ledwell* v. *Entire Service Corporation,* 224 App. Div. 433; *Tuthill* v. *Morris,* 81 N. Y. 94.) On the proof the defendant failed to establish the defense of the Statute of Limitations to the cause of action for the reduced principal. The parties have interpreted their agreement of

November 2, 1936, as providing for a reduction and extension of time of payment of principal, with 5% interest, payable quarterly. The complaint admits payments of interest which are referable only to such an interpretation. Defendant's letters disclose that he, too, made payments on such interpretation. The agreement was binding on plaintiff. (Real Property Law, § 279.) The proof shows that the full amount of interest required by the modification was paid up to April 1, 1939. Defendant's letter of February 19, 1945, cannot be relied upon by plaintiff to toll the Statute of Limitations. Plaintiff rejected the payment tendered and refused to accept the terms of payment offered. (*Crow* v. *Gleason,* 141 N. Y. 489, 493; *Kingston Bank* v. *Gay,* 19 Barb. 459.) But the letter contains an admission that interest on $250 for five years up to July 1, 1944, was due. That would indicate that interest up to July 1, 1939, had been paid and that prior to that date no action could have been brought for the unpaid principal. (*Egan* v. *Carroll-Garfield Corp.,* 185 Misc. 530.) Moreover, if a cause of action had arisen for principal after October, 1938, defendant's letter of February 8, 1939, suspended the running of the Statute of Limitations until defendant was able to pay. (1 Williston on Contracts, § 180; *Monhof* v. *Happy,* 144 Misc. 208; *Eppler* v. *Van Vleck,* 16 N. Y. S. 2d 809.) The tender before this action proved defendant had ability at time of tender to perform the promise made in the letter of February 19, 1939. His letters negative any ability to pay prior to the six years preceding suit.

The judgment should be unanimously reversed on the law and new trial granted, without costs to either party.

MacCrate, McCooey and Steinbrink, JJ., concur.

Judgment reversed, etc.