ALINE McE. JOSEPH, Individually and as Administratrix of the Estate of ABATHA JOSEPH, Deceased, Respondent, *v.* CHARLES McVEIGH et al., Individually and as Executors and Trustees under the Will of LEWIS S. MORRIS, Deceased, et al., Defendants, and CITY OF NEW YORK, Appellant.

First Department, February 15, 1955.

*Morris G. Zirin* of counsel (*Bannigan & Zirin*, attorneys), for respondent.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel*, attorney), for appellant.

CALLAHAN, J.   Plaintiff's intestate was injured on March 3, 1953, and died later on the same day.   The complaint alleges two causes of action in tort against the City of New York (and others) for (1) conscious pain and suffering, and (2) wrongful death.

The city has pleaded as a separate defense to both causes of action that plaintiff has failed to comply with section 50-e of the General Municipal Law, which provides, in substance, that in any case founded on tort notice of claim must be given to the municipality within ninety days " after the claim arises."   The statute further provides that when a person entitled to make a claim dies before expiration of the time limited for service of

the notice, the court in its discretion may grant leave to serve a notice of claim within a reasonable time after expiration of the ninety days. Application for such leave, however, must be made within one year " after the happening of the event upon which the claim is based," and must be made before the commencement of an action to enforce the claim. There is broad power in the court to sanction amendments to a notice of claim even down to the time of trial, except amendments relating to time or manner of service.

It appears that the plaintiff administratrix was appointed on August 27, 1953, and the notice of claim in this case was served on October 22, 1953. The action against the city was commenced on March 3, 1954. There was a single notice of claim " to recover damages for the wrongful death ". It does not refer to any claim for pain and suffering of the decedent. The date of service of the notice was, of course, more than ninety days after the date of injury and death, but less than ninety days after appointment of the plaintiff as administratrix.

In July, 1954, the plaintiff brought on the instant motion to strike the city's defense based on the alleged untimeliness of the notice of claim herein. The Special Term granted the application, and held that the notice of claim was timely as to the death action because the ninety days' period for service of the notice commenced to run from the date of appointment of the administratrix. In respect to the cause of action for conscious pain and suffering, the Special Term stated that, in the exercise of its discretionary power, it would find that the notice of claim was also timely served. The Special Term, however, did not indicate whether it was exercising discretionary power under subdivisions 5 or 6 of section 50-e of the General Municipal Law. The notice was not amended to include any claim for conscious pain and suffering or in any other respect, nor was any application made to the court for such relief. It may be noted that more than a year had elapsed since the " happening of the event upon which the claim is based ".

On this appeal the city urges that the recent decision in *Winbush* v. *City of Mount Vernon* (306 N. Y. 327), raises a question as to the timeliness of the notice of claim in respect to the death action. We are called upon to decide whether the Court of Appeals in that case intended to construe section 50-e of the General Municipal Law as requiring that the ninety days for service of a notice of claim for wrongful death be measured from the date of death rather than the date of appointment of

the legal representative. The cases prior to *Winbush* (*supra*) had consistently held that the time for filing claims for wrongful death ran from the date the executor or administrator was appointed. (See, e.g., *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Conway* v. *City of New York,* 139 App. Div. 446, affd. 208 N. Y. 567; *Bernreither* v. *City of New York,* 123 App. Div. 291, affd. 196 N. Y. 506, and *Barnes* v. *City of Brooklyn,* 22 App. Div. 520, 521.) In these cases, it is true, the statutes generally required that the notice of claim against the municipality be filed within fixed period '' after such cause of action shall have accrued '', and that the notice should also contain a statement of intention to sue, which is no longer a requirement (see General Municipal Law, § 50-e, subd. 4).

The facts involved in the *Winbush* case (*supra*), were different from those here presented, and the question for decision was not the timeliness of the notice of claim. In that case one of the next of kin, who was a beneficiary of causes of action for wrongful death of her sister and two nephews, had given notice of claim within ninety days after death, but before her appointment as administratrix of her sister's estate. The Public Administrator had been appointed as administrator of the nephews' estates. The defendant municipality moved to dismiss the wrongful death counts in the complaint for alleged failure to state causes of action since the plaintiff had not yet been appointed administratrix of her sister's estate at the time of filing notice of claim, and also that the Public Administrator was already acting as the administrator of the nephews' estates at the time of such filing. The plaintiff Winbush, as administratrix of her sister, cross-moved to amend the notice of claim previously filed by her so as to add after her name the words '' ' both individually and as administratrix ' '' of her deceased sister. The Court of Appeals reversed a judgment dismissing the cause of action for wrongful death of the sister, and permitted amendment of the notice of claim as aforesaid under the broad powers granted pursuant to subdivision 6 of section 50-e of the General Municipal Law. Significantly, there was no question as to timeliness of filing within the ninety days' limit under the statute.

Concededly, the *Winbush* case (*supra*), differs substantially from the situation in the case at bar. The city, however, relies on statements in the *Winbush* opinion (p. 335) concerning the meaning of the statutory phrase '' ' after the claim arises ' '' to defeat the cause of action for wrongful death in this case. If such language be taken out of context and divorced from the

issue before the court in the *Winbush* case, there is a certain element of plausibility to the city's contention as to the construction that must be given to the statute in its application to the circumstances of the case at bar.

In the present case, the issue of timeliness of the notice of claim is squarely presented as to the wrongful death claim, and no question of the court's power to amend is involved. The only question is whether the statute measures the time for service of such notice from the date of death or from the appointment of the executor or administrator in respect to a claim for wrongful death. If the former, then an administrator will have to be appointed and the notice of claim served within ninety days of death, unless, at least, one of the next of kin acts as in the *Winbush* case. We think that such a construction would be unduly harsh and is not required by the language of the statute.

There is nothing in the history of section 50-e of the General Municipal Law that indicates any intention to change the time of commencement of the period for filing a claim for wrongful death. The statute was enacted after the Judicial Council had repeatedly recommended uniformity and stabilization of the law in respect to filing claims against municipalities. (See Ninth, Tenth, Eleventh and Twelfth Annual Reports of N. Y. Judicial Council, 1943–1946.) The Tenth Annual Report (1944) sets forth exhaustive tables charting the existing stautory provisions of many municipalities or subdivisions of the State. There is no indication anywhere that it was intended to recommend any change other than to stabilize the period for filing in respect to claims. The date for commencement of such period as to claims for wrongful death does not seem to have been given any special consideration. At least, no reference is made to the subject. Examination of the then existing statutes does not reveal the source of the present language requiring notice to be given within a specified period " after the claim arises." These words might well have been chosen as synonymous with or equivalent to such prevalent statutory phraseology as " after the cause of action accrues." Indeed, where the Legislature clearly intended the time to run from " the event upon which the claim is based," it used language to indicate that intent (see General Municipal Law, § 50-e, subd. 5).

Prior to the decision in the *Winbush* case (306 N. Y. 327, *supra*), it was considered that the ninety days' period for filing notice as to death claims under section 50-e of the General Municipal Law ran from the appointment of the legal repre-

sentative (see *White* v. *City of New York*, 277 App. Div. 1124, affd. 302 N. Y. 726, and *Mulligan* v. *County of Westchester*, 272 App. Div. 927). The Court of Appeals in the *Winbush* case (p. 335) stated that the *Mulligan* case (*supra*) was decided on an erroneous theory of law as to when a cause of action for wrongful death accrued. The statement was made, however, in reference to the provisions of section 130 of the Decedent Estate Law fixing a period of limitation for commencement of an action, and did not expressly construe section 50-e of the General Municipal Law in respect to the time for commencement of the period within which to serve a notice of claim. While, of course, we must follow any direct holding of our highest court in a matter of statutory construction, we think that the *Winbush* case (*supra*) was not concerned with the question before us and had no intention to pass on the same. Accordingly, we believe that the question before us in this case has not been foreclosed by the decision in the *Winbush* case (*supra*), and hold that the statutory period for filing notice of claim in a death case begins to run from the time of the appointment of an executor or administrator. In this view the present notice was timely as to the cause of action for wrongful death.

Short Statutes of Limitation still prevail as to suits against municipalities upon these claims in most instances. (See, e.g., *Sullivan* v. *City of Watervliet*, 285 App. Div. 179.) In New York City, the limitation is still one year (Administrative Code of City of New York, § 394a–1.0), and excessive delay in serving notice of claim is thus insured against.

As to the first cause of action for conscious pain and suffering, however, we disagree with the view of the Special Term, and find that the defense is sufficient and should be permitted to stand. The claim for personal injuries arose when the accident occurred. In such cases the period for giving notice of claim begins to run from the date of injury. The decedent died the same day. Because of the intervening death, his legal representative could apply for leave to serve a late notice of claim, but application for such relief must be made within one year after the happening of the event upon which the claim is based, and prior to commencement of an action to enforce the claim (General Municipal Law, § 50-e, subd. 5). That year expired on March 3, 1954. The motion to dismiss the defense in the city's answer was not made until July, 1954, and was brought on after the commencement of the action. Therefore, it is plain that the Special Term could not have acted under subdivision 5 of sec-

tion 50-e in exercising discretion to find that the notice of claim was timely in respect to the cause of action for pain and suffering.

An amendment to the notice of claim under subdivision 6 of the statute would be improper, if the amendment related to the time or manner of service. If an amendment had been allowed in the form of adding a claim for damages for conscious pain and suffering to the notice already served, we would be faced with the necessity of deciding whether the power existed to allow such amendment. However, no such amendment was sought or granted. Accordingly, the defense must be permitted to stand as to the first cause of action. In this respect the situation is the converse of *Holmes* v. *City of New York* (269 App. Div. 95, affd. 295 N. Y. 615). There it was held that, since the decedent during his lifetime had a good cause of action for personal injuries as to which proper notice had been given, his personal representative had the right to maintain an action for wrongful death on the basis of the earlier notice. The basis of that decision was the saving clause found in section 120 of the Decedent Estate Law permitting enlargement of the complaint to cover the death claim where death followed the bringing of a suit for personal injuries. Section 120 is not applicable to the present situation.

The order appealed from should be modified by granting the motion to strike the defense solely as to the second cause of action, and, as so modified, affirmed. Settle order on notice.

BREITEL, J. (concurring). While I agree with the bulk of the analysis and, of course, in the conclusion contained in the opinion of Mr. Justice CALLAHAN, I believe that the problem presented by this case is resolved in a simpler way. As pointed out, it is significant that section 50-e of the General Municipal Law refers to a claim rather than to a cause of action. The *Winbush* case (306 N. Y. 327) merely held that the cause of action for wrongful death arises at the time of death and that a next of kin was entitled to file a " notice of claim " within the ninety-day period. A personal representative, however, could not file a notice of claim until appointed and qualified. Hence the accrual of the right to file the notice of claim does not start until the appointment and qualification. Put another way, a claim, as distinguished from the notice of claim, requires not only the gravamen of a cause of action, but also a person with capacity to prosecute. The statute evidently makes this or a parallel distinction because it contains a further limitation, in another connection, it is true, that in no event may the notice of claim be filed more than one

year " after the happening of the event upon which the claim is based ". In this view, neither the holding nor the reasoning in the *Winbush* case (*supra*) offers any difficulty, and indeed, supports the conclusion reached in this case.

COHN, J. P., BOTEIN and RABIN, JJ., concur with CALLAHAN, J.; BREITEL, J., concurs in separate opinion.

Order unanimously modified by granting the motion to strike the defense solely as to the second cause of action and, as so modified, affirmed. Settle order. [See *post,* p. 941.]