Benjamin Brenner, J.
Application by next of kin for leave to serve a notice of claim upon the City of New York for wrongful death and conscious pain and suffering of deceased Louis *474 Cooperstein. Claimant was injured on April 5, 1957, allegedly due to a fall on a defective sidewalk curbing. He died on April 14, 1957, death being ascribed to such injuries. The notice of claim was served upon the City of New York on March 27,1958.
The application is made four days short of one year after the accident and 13 days short of a year after decedent’s death. As to the claim for wrongful death, the phrase “ after the claim arises,” set out in section 50-e of the General Municipal Law, has been construed to mean that the notice of claim may be served within 90 days after issuance of letters to an administrator appointed or to an executor who has qualified. (Joseph v. McVeigh, 285 App. Div. 386; White v. City of New York, 302 N. Y. 726, affg. 277 App. Div. 1124.) Since there has been no temporary administrator or executor thus far appointed, the 90-day period as applicable to the wrongful death claim has not yet begun to run and there is no need to apply for leave to serve such notice of claim already served on March 27,1958.
I am not unmindful that the effect of this determination is to put a premium on withholding the appointment of an administrator or the qualification of an executor, thus prolonging the 90-day statutory time for service of the notice. Hence I agree with the obiter dictum in Winbush v. City of Mt. Vernon (306 N. Y. 327) that the claim arises at date of death; but Joseph v. McVeigh (supra), is controlling upon this court. Accordingly, that part of the motion which refers to the death claim need not be passed upon as the notice was timely served as to such claim.
With respect to the claim for conscious pain and suffering, section 50-e of the General Municipal Law provides that where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion and for good cause shown, may grant leave to serve the notice of claim within a reasonable time after the expiration of 90 days after the claim arises. As to pain and suffering, the claim arises at time of injury (Mulligan v. City of New York, 273 App. Div. 152). A delay of nine months following the required filing period is not such a reasonable time. Moreover, the explanation given for such delay, namely, a search for heirs, when there are known brothers and sisters as next of kin, does not impress me as a valid explanation nor does it invite the favorable exercise of the court’s discretion (Griffin v. Torres, 284 App. Div. 1041).
The motion for leave to serve the late notice as it applies to the claim for pain and suffering only is therefore denied.
Submit order.