Walter R. Hart, J.
In his petition for leave to serve a notice of claim against the City of New York for injuries sus *138 tamed by the decedent (an infant en ventre sa mere at the time of the accident), petitioner, father of the deceased infant, alleges: On April 23, 1958 Josephine Tripodi, his wife, was injured while upon the public sidewalk in front of the premises at 660 Washington Avenue, Brooklyn. The injury is alleged to be due to the fact that a portion of the sidewalk adjacent to the cellarway collapsed and that she was precipitated part way down the cellarway of the premises. A notice of claim was duly filed on behalf of his wife for her injuries and on behalf of himself for his derivative cause of action on July 21, 1958. At the time of the accident Josephine Tripodi was in her sixth month of pregancy. On August 8, 1958 the decedent Rosemary was born. She remained in the hospital from the date of her birth until her death on November 20, 1958. It is claimed that the accident to Josephine caused certain injuries to the infant which caused her death following a necessary operation.
It appears further than on March 17, 1959 letters testamentary of the estate of the deceased were issued to the petitioner. The petitioner has served or will serve a notice of claim for the wrongful death. This would appear to be a matter of right since the time to do so does not commence until the appointment of the administrator (Buduson v. Curtis, 285 App. Div. 517, affd. 309 N. Y. 879). Petitioner by the instant proceeding seeks leave of the court to file a notice of claim for the personal injuries and conscious pain and suffering of the decedent, which, pursuant to section 50-e of the General Municipal Law, must be filed within 90 days after the claim arises. This has been held to mean that the period begins to run from the date of the injury which, in this instance, was April 23,1958 (Joseph v. McVeigh, 285 App. Div. 386, motion for leave to appeal granted 285 App. Div. 941). However, as provided for by subdivision 5 of section 50-e of the General Municipal Law, “ Where the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim as provided * * * the court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified ’ ’.
Petitioner cogently points out that since the infant was not born until August 8, 1958, the notice could not possibly have been served before then. Moreover, it would appear that some of the pain and suffering of the infant did not occur until the operation in November. In any event, it is obvious that the disability of infancy prevented the infant from filing the notice of claim timely.
Accordingly, the motion is granted. Submit order.