Tony Mancuso, J.
This is a negligence action arising out of a one-vehicle accident which occurred on July 5,1965, on Route 290 in the Town of Dewitt, County of Onondaga, approximately 150 feet east of Fisher Road. The plaintiff driver claims that the defendant’s agents, servants, and employees, were negligent in causing him injury, or further injury, when they attempted to extricate him from a position where he was pinned in the damaged automobile.
Defendant moves for summary judgment on two grounds; first, that no legal entity known as 1 £ East Syracuse Fire District ” exists; and second, even if defendant is permitted to substitute the actual fire department or fire district involved, that no notice of claim was served on the municipality as required by sections 50-i and 50-e of the General Municipal Law.
EAST SYRACUSE EIRE DISTRICT
In support of the motion the defendant submits an affidavit of Carl H. Sterling, Mayor of the Village of East Syracuse, New York, which states that there is no legal entity known as the ££ East Syracuse Fire District.” Fire protection is furnished at the scene of the accident under a contract between the Village of East Syracuse and the Town Board of the Town of Dewitt. The area where the accident occurred is included in the Town of Dewitt Fire Protection District and the actual work of fire fighting was performed by the East Syracuse Volunteer Fire Department.
The affidavit of the plaintiff’s attorney, Bradley J. Carr, states that on the 22nd day of July, 1965, some 17 days after the accident, he called the East Syracuse Fire Department on the telephone and in answer .to a question as to whether this was a fire district or not, he received an answer that ££ this was a fire district.” Also, that on July 23, 1965, he visited the offices of the “East Syracuse Fire Department” and was informed by Edwin S. Higgins, First Assistant to .the Fire Chief, that “this was a fire district.” The name “East Syracuse Fire *199 Department ” appears in the Syracuse Telephone Directory and vehicles of said department carry the insignia “ East Syracuse Fire Department.”
The basic claim of the plaintiff is substantially that his attorney was misled by the above statements and representations that the East Syracuse Fire Department was actually the East Syracuse Fire District. The plaintiff requests affirmative relief to substitute the actual legal entity involved in the occurrence in the place and stead of the East Syracuse Fire District. More on this later.
FAILURE OF PLAINTIFF TO COMPLY WITH SECTIONS 50-E AND 50-1 OF THE GENERAL MUNICIPAL LAW
Section 205-b of the General Municipal Law provides that members of volunteer fire companies are not civilly liable for any acts done by them in the performance of their duty, except for willful negligence or malfeasance. In the complaint before me, neither willful negligence nor malfeasance is alleged, and therefore no action lies herein against either the members of the East Syracuse Volunteer Fire Department, or against the East Syracuse Volunteer Fire Department itself. (General Associations Law, § 13; Martin v. Curran, 303 N. Y. 276.)
Section 205-b does, however, impose liability for negligence against towns, villages, fire districts for the negligence of volunteer firemen duly appointed to serve therein, in the operation of vehicles owned by the fire district while in the discharge of their duties.
Although section 205-b would appear to involve or concern only vehicular torts, the general rule of Bernardine v. City of New York (29 N. Y. 361) would appear to impose a basis for liability herein.
Therefore, in order for the action herein to survive, it must lie against either the Village of East Syracuse, the Town of Dewitt, or against the Town of Dewitt Fire Protection District. Subdivision 1 of section 50-i provides that no action shall be u maintained against a city, county, town, village, fire district * * * for personal injury * * * by reason of the negligence * * * of any officer, agent or employee thereof, including volunteer firemen of any * * * town, village, fire district * * * or any volunteer firemen whose services have been accepted pursuant to * * * section two hundred nine-i * * * unless * * * a notice of claim shall have been made and served upon the * * # town, village, fire district * * * in compliance with section fifty-e ” of General Municipal Law. However, section 50-i is misleading because the law *200 was, prior to September 1,1963, that the requirements of section 50-e, regarding the filing of a notice of a claim, did not apply to a claim against a fire district which arose out of the negligence of the volunteer firemen, pursuant to section 205-b, because prior to said date, when the law was amended, claims arising under article 10 of the General Municipal Law were explicitly excepted from the applicability of section 50-e. (See Comments and Questions on the General Municipal Law by Robert W. Marsh-low, particularly at p. XIX of McKinney’s Cons. Laws of N. Y., Book 23, General Municipal Law.) This was unquestionably the law as stated in Seyer v. Schoen (6 A D 2d 177) that in an action to recover for personal injuries and death brought under section 205-b of the General Municipal Law a notice of claim was not required to be served, because when that case was decided in 1958 by our Fourth Department, subdivision 7 of section 50-e excepted claims arising under article 10 of the General Municipal Law from the requirements of 50-e. It seems beyond dispute that the amendment of' 1963, wherein reference to article 10 of the General Municipal Law was omitted from subdivision 7 of section 50-e of the General Municipal Law, was for the sole purpose of overruling the holding in the Seyer case.
For this reason, I can understand the confusion of plaintiff’s counsel in.his papers, claiming that section 50-e does not apply to the claim herein because such was the law before the 1963 amendment. This area of the law certainly is not without confusion and doubt (see article of Robert W. Marshlow, Esq., above).
Consequently, inasmuch as the only possible municipal defendants herein are the Village of East Syracuse, the Town of Dewitt, or the Town of Dewitt Fire Protection District, which require a service of a notice of claim under section 50-e prior to the bringing of an action, and no such service is claimed, the complaint herein must be dismissed.
The dismissal herein is without prejudice to any motion that the plaintiff may be advised to bring to the Supreme Court or to the County Court, for permission to file a late notice of claim under subdivision 5 of 50-e of the General Municipal Law. In addition, the dismissal of the complaint herein is without prejudice to the plaintiff bringing a new action and claiming that the complaint served herein on September 7, 1965 on Floyd Lafayette, Fire Chief of the East Syracuse Volunteer Fire Department, be considered service of a notice of claim against either the Village of East Syracuse, the Town of Dewitt, or the *201 Dewitt Fire Protection District, notwithstanding the provisions of CPLR 311.
The basic purpose of section 50-e as has been stated in innumerable cases, is to insure the municipality of an adequate opportunity to investigate circumstances surrounding the accident, and to explore the merits of claims while the information is still readily available (Sandak v. Tuxedo Union School Dist., 308 N. Y. 226; Teresta v. City of New York, 304 N. Y. 440; Winbush v. City of Mount Vernon, 306 N. Y. 327).
It never was the intention of the Legislature that this section was to be used as a sword to defeat the rights of a person having a legitimate claim. Its purpose was as a shield to protect the municipality against spurious claims (Harwood v. City of Hornell, 41 Misc 2d 706 and Robinson v. Board of Educ. of Galway, 1 Misc 2d 634).
Under the facts herein, the plaintiff’s attorney was misled and it is difficult to discern how ho could have apprised himself of private agreements for fire protection between the Town Board of Dewitt and the Village of East Syracuse wherein they contracted that the Volunteer Fire Department of East Syracuse should furnish fire protection for still another municipal entity, the Dewitt Fire Protection District. This is truly to cast an unreasonable and inequitable burden upon a litigant having a just claim. More so, when the persons or municipalities claimed against have the details of the accident by statements to Edwin S. Higgins, First Assistant to the Fire Chief of the East Syracuse Volunteer Fire Department, within 18 days after the accident occurred, and by service of an “ ostensibly” verified summons and complaint alleging all the details of the accident, on the 7th day of September, 1965, upon Floyd Lafayette, Fire Chief of the East Syracuse Volunteer Fire Department, well within the 90-day period.
ESTOPPEL AND WAIVER.
Under the facts of the instant case the municipality claimed against can very well be estopped from setting up a defense of failure to timely file a claim and the claimants may be excused from complying with the statute, limiting the time within which the claim must be filed. (See Matter of Daley v. Greece Cent. School Dist., 21 A D 2d 976 [1964] and Debes v. Monroe County Water Auth., 16 A D 2d 381; both of said cases decided by the Fourth Department.)
Moreover, I cannot see how the municipality herein would be prejudiced by permitting the complaint to be considered a *202 notice of claim, because it had prompt and early notice of the complete details of the accident. (Soules v. City of Rochester, 10 A D 2d 362 [4th Dept.]; and Gisondi v. Town of Harrison, 16 A D 2d 929.)
This court does have authority under subdivision 6 of section 50-e, to grant relief for mistake, omission, irregularity, or defect made in good faith in the notice of claim required to be served in the absence of prejudice to the municipality.
It has also been held in a number of cases, that parties in the notice of claim may be added, or substituted. (See cases under McKinney’s Cons. Laws of N. Y., Book 23, General Municipal Law, § 50-e, Note 239.)
Therefore, the summons and complaint herein are dismissed, without prejudice to the bringing of a new action against whatever parties the plaintiff may be advised to pursue, in accordance with the aforesaid.