**Michael MOSKOL and Patricia Moskol, Plaintiffs,**

v.

**Dr. Rajendra SOOD et al., Defendants.**

No. Civ–74–216.

United States District Court, W. D. New York.

Dec. 10, 1975.

Garvey, Magner & Sullivan, Buffalo, N.Y. (James A. Garvey, Buffalo, N.Y., of counsel), for plaintiffs.

Smith, Murphy & Schoepperle, Buffalo, N.Y. (Frank G. Godson, Buffalo, N.Y., of counsel), for defendant Village of Wellsville, sued herein as Jones Memorial Hospital.

CURTIN, Chief Judge.

This is an action brought by Michael and Patricia Moskol seeking damages for an injury sustained by Michael Moskol during an operation at Jones Memorial Hospital. On October 7, 1974 the court heard oral argument on defendant's motion brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief can be granted. At the same time, the court considered plaintiffs' motion to amend the complaint by verifying the same and substituting the amended complaint for a formal notice of claim pursuant to § 50-e of the General Municipal Law of the State of New York. After reviewing the memorandum of law and the accompanying affidavits submitted by the parties, I directed the parties to make a further submission in an order filed on February 26, 1975.

On February 26, 1975, specifically, the court asked for answers to the following questions: what knowledge did the plaintiffs have that the Jones Memorial Hospital was anything other than a private hospital; was there any indication in any of the correspondence or conversations with employees of the hospital that the hospital was in any way connected with the Village of Wellsville; and was the delay in obtaining the records of the plaintiff from the hospital caused by the hospital? The defendant was also directed to file an affidavit explaining the connection between the Village of Wellsville and the hospital; what information was given to the general public so that an ordinary person would know that the hospital is in fact an entity of the Village rather than a private hospital; and also what, if any, specific information was given to plaintiffs or to plaintiffs' attorney in this case as to the municipal nature of the hospital. Finally, the defendant was asked to explain the procedure employed by the Village when it receives a summons and complaint in actions such as this, and also who determines when a claimant should be examined.

The parties have now complied with the February 26 order of the court. The following constitutes the court's findings of fact and conclusions of law.

Plaintiffs are residents of the State of Pennsylvania, defendants are all residents of the State of New York, and the amount of the controversy exceeds $10,000. Diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332.

On May 21, 1974 the Village of Wellsville, on behalf of Jones Memorial Hospital, moved to dismiss the plaintiffs' complaint as to the Village. The Village appears on behalf of the hospital because the Jones Memorial Hospital is a municipal hospital created pursuant to § 123 of the General Municipal Law of the

State of New York and is a department of the Village of Wellsville.

On January 8, 1974 the plaintiff, Michael Moskol, was admitted to Jones Memorial Hospital for an appendectomy and cholocystectomy. During the operation, which was performed on January 10, the plaintiff alleges that he suffered an injury to the ulnar nerve of his right arm and hand which was caused by the negligence of the defendants. After the operation and until his discharge from the hospital on January 22, the plaintiff received treatment for his injury in the physical therapy department of the hospital. Plaintiff later returned for further treatments on February 18 and 20, 1974.

Thereafter, at plaintiff's request, an associate of plaintiff's attorney, Mr. Stephen Pusatier, requested plaintiff's medical records from the hospital on February 27. However, Mr. Pusatier did not receive these records until April 23, almost two months later. This was due to the fact that on March 11 the hospital sent plaintiff's dis 'harge summary in reply to Mr. Pusatier's request for medical records. Not getting what he wanted, Mr. Pusatier telephoned the hospital on March 14, and again on April 19, to obtain the complete record which he finally received on April 23. With the medical records at his disposal, plaintiff's attorney promptly filed suit in this court on May 3, 1974. On May 8, Mr. Ed Cloude, Comptroller of Jones Memorial Hospital, and other defendants were served.

The defendant moved to dismiss the complaint on May 21, ninety days after Mr. Moskol discontinued all treatment at Jones Memorial Hospital. Defendant moves to dismiss because plaintiff failed to file a notice of claim upon the Village of Wellsville within ninety days of the day on which the wrong complained of occurred, as required by § 50-e of the General Municipal Law. The motion to dismiss is also based on plaintiff's failure to comply with § 311(6) of the New York Civil Practice Law and Rules because personal service of the summons and complaint was not made upon the Village by delivering the papers to the Mayor, Clerk, or any trustee of the Village, which is required by § 311(6).

The additional affidavits submitted to the court revealed that when Michael Moskol was admitted to Jones Memorial Hospital, he did not receive any booklet or any information that the hospital was in fact an entity of the Village of Wellsville. The affidavit of the Village attorney states that it was the practice of the hospital to give to each incoming patient a booklet containing information about the hospital and its connection with the Village of Wellsville. He explains that when a summons and complaint are received by the Village Clerk or by others specified in the General Municipal Law, copies are made and one is filed in the Clerk's office, one is sent to the Village attorney, and the others are sent to the insurance company. When a summons or similar paper is received by someone other than one enumerated in CPLR § 311(6), it will usually be sent to the Village attorney who then makes a copy and forwards it to the insurance company. In the instant case, the Village attorney stated in his affidavit that the summons and complaint were apparently delivered to someone at the hospital, who sent the papers to him and he in turn sent them to the insurance company. He received the summons and complaint on May 8, 1974, made inquiry of the Village Clerk as to whether or not a notice of claim had been filed, and was notified by telephone that the notice had not been filed. On May 14 he received a letter from the Village Clerk confirming this fact. Afterwards the Village attorney conveyed this information to the insurance company, together with his opinion that the summons and complaint were not served in accordance with CPLR § 311.

According to Rule 4(d)·(6) of the Federal Rules of Civil Procedure, service of process upon a state or municipal corporation must be made by delivering a copy of the summons and complaint to the chief executive officer thereof, or by serving the summons and complaint in the manner prescribed by the law of that state. Thus, the court is faced with applying General Municipal Law § 50-e as to the service of process on municipal corporations in New York State. In so doing, the court must construe the statute according to decisions in the State of New York. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ Plaintiffs' cause of action accrued against the Village of Wellsville on February 20, 1974. According to New York law, when a claim for personal injuries against a municipality arises, the statute of limitations begins to run from the date of the injury. *Joseph v. McVeigh,* 285 App.Div. 386, 137 N.Y.S. 2d 577 (1955); *Cooperstein v. City of New York,* 12 Misc.2d 473, 173 N.Y.S.2d 672 (1958). However, where the course of treatment which includes the wrongful act or omissions has run continuously and is related to the same original condition or complaint, the accrual of the cause of action comes at the end of treatment. *Borgia v. City of New York,* 12 N.Y.2d 151, 237 N.Y.S.2d 319, 187 N.E.2d 777 (1962). In the instant case, plaintiff's treatment continued until February 20. Therefore, his cause of action accrued on that day and, according to § 50-e of the General Municipal Law, plaintiffs then had ninety days in which to serve the notice of claim. That date was May 21, 1974.

■ However, instead of filing a notice of claim, plaintiffs filed an action in this court and, on May 8, 1974, the comptroller of the hospital was served with the summons and complaint. The defendant argues that the service of the summons and complaint failed to comply with § 50-e of the General Municipal Law. There is authority for treating a summons and complaint as a valid notice of claim if it sets forth facts which must be included in a notice of claim. *Quintero v. Long Island Railroad,* 31 A. D.2d 844, 298 N.Y.S.2d 109 (1969); *Hopkins v. East Syracuse Fire District,* 49 Misc.2d 197, 267 N.Y.S.2d 61 (1966). According to § 50-e(2), the notice of claim must reveal:

(1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.

The complaint in the instant case sets forth all of the above information.

Defendant's argument that the summons and complaint cannot be considered as a notice under § 50-e because the complaint was not verified is not sufficient. The complaint was signed by plaintiffs' attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Further, New York courts have permitted amendment of a notice to include a verification. *Harwood v. City of Hornell,* 41 Misc.2d 706, 246 N.Y.S.2d 222 (1964).

Since the court finds that the summons and complaint can be considered as a notice of claim, the question arises as to whether or not the manner in which service was made complies with § 50-e of the General Municipal Law. Because the Village attorney received the summons and complaint as a notice of claim well within the ninety-day period required by § 50-e, the Village had actual notice and, to that extent, the section is complied with. However, plaintiffs did not comply with the second half of § 50-

**920**

e(3) because plaintiff Michael Moskol was not examined within the ninety-day period. *Verley v. City of New York,* 11 A.D.2d 1015, 206 N.Y.S.2d 435 (1960).

■ However, although the above may be strong authority for granting the defendant's motion to dismiss plaintiffs' cause of action, nevertheless, I find that the defendant's processing of plaintiffs' claim estopped the defendant from asserting the defense of failure to comply with § 50-e. Seven days after plaintiff's treatments ended, plaintiff's attorney promptly requested the hospital to send the medical records. However, plaintiff did not receive these records until April 23, almost two months later. If the defendant had acted promptly to plaintiff's request for medical records, plaintiff would have learned that defendant was a municipal corporation and could have filed a notice of claim within the ninety days. When plaintiff finally did receive the hospital records on April 23, he promptly filed, within a relatively short period of time, his complaint in this court on May 3, 1974. However, he did not receive a reply to his summons and complaint until the defendant filed a motion to dismiss on May 21, 1974. It was apparent to hospital and Village authorities that plaintiff was attempting to assert a cause of action against the Village, but no one took the reasonable step of informing plaintiff or his counsel of the connection between the hospital and the Village until it was too.late. This conduct warrants a determination that the Village is estopped from asserting the defense of failure to comply with § 50-e. Plaintiff's case was prejudiced to his substantial detriment by the actions of the defendant in this case.

Therefore, in light of the above discussion, the motion of the defendant is denied and plaintiffs' complaint is hereby maintained.

So ordered.