■ JOHN GENNUSA, an Infant, by His Parent and Natural Guardian, ANTHONY GENNUSA, et al., Respondents, v LINDENHURST PUBLIC SCHOOLS et al., Appellants.—In a proceeding pursuant to section 50-e of the General Municipal Law for permission to file a late notice of claim, the appeal is from (1) so much of an order of the Supreme Court, Suffolk County, dated November 10, 1977, as continued the petitioners' motion as an application on behalf of the infant petitioner only, pursuant to subdivision 6 of section 50-e of the General Municipal Law, and (2) an order of the same court, dated January 11, 1978, which, upon incorporating therein the order dated November 10, 1977, granted the infant petitioner leave to file a late notice of claim. Appeal from order dated November 10, 1977 dismissed, without costs or disbursements. Order dated January 11, 1978 affirmed, without costs or disbursements. The infant petitioner was injured on June 16, 1972. A letter giving notice of the accident and the nature of the petitioner's injury was sent by the infant's parents, and was received by the respondents on June 26, 1972. The letter set forth with particularity the details of the accident, the claimed negligence of the appellants, and the injuries sustained by the infant. This letter, while it did not furnish the post-office address of the claimants, otherwise substantially conformed with the provisions of subdivision 2 of section 50-e of the General Municipal Law. The defects are not fatal. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.

■ KARLIS JUSTS, Also Known as CHARLES JUSTS, Respondent, v RINGOLDS KALNINS et al., Appellants.—In an action to recover for work, labor and services rendered, defendants appeal from a judgment of the Supreme Court, Nassau County, entered March 28, 1978, which is in favor of the plaintiff, after a nonjury trial. Judgment affirmed, with costs. The trial court found that plaintiff's right to recovery was grounded on an account stated as of December 15, 1971. Since the cause of action did not accrue until that date, the action was timely commenced (see *Siepka v Bogulski,* 164 Misc 831; see, also, *Schutz v Morette,* 146 NY 137). The remainder of defendants' arguments rest mainly on their contention that the Trial Judge's findings of fact were erroneous. However, since the Trial Judge's findings rest essentially on his assessment of the credibility of the witnesses, they may not be disturbed on this appeal. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.