OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion for summary judgment on the grounds that the plaintiff failed, pursuant to CPLR 9802, to give notice to the defendant of its claim against said defendant within the time limit set forth in the law.
This matter arises out of a dispute over a public works contract between plaintiff and the defendant village. In June of 1978, the relationship ended and the question of who “breached” this contract is in dispute. On August 22, 1978, the plaintiff herein filed a notice of mechanic’s lien with the village clerk. Said notice alleges that $22,030.05 was owed to the plaintiff for labor and materials on the project.
In October of that same year an action was commenced against the plaintiff arising out of the same contract upon *187 which the instant action is based. This action was commenced in the City Court of Buffalo. The plaintiff herein (defendant in the City Court action) then served a third-party summons and complaint upon the defendant herein. The defendant village appeared in that action and served an answer following which the plaintiff herein served a reply and counterclaim. This third-party complaint and counterclaim contained substantially the same allegations as the action now before this court. In July of 1979 the present action was commenced.
CPLR 9802 requires that actions against a village based upon contract be commenced within 18 months and that a “verified claim shall have been filed with the village clerk within one year after the cause of action shall have ac- - crued”. There is no question that a separate formal “notice of claim” was not filed with the village within one year of the accrual of this cause of action. The real issue here is whether or not the notice of lien and/or the City Court action third-party complaint and counterclaims can either separately or together be considered a notice of claim for purposes of complying with this statute.
The purpose of requiring a notice of claim is to enable the public corporation to investigate claims and obtain evidence promptly. (See Siegel, New York Practice, § 32; State of New York v Waverly Cent. School Dist., 28 AD2d 628.) Defects in the contents of a notice have been held to be curable or disregardable so long as there is no prejudice shown to the defendant. (See Siegel, New York Practice, § 32; Montana v Incorporated Vil. of Lynbrook, 23 AD2d 585.)
This court additionally takes note of the fact that in 1972 the Legislature transferred this statute from the Village Law to the CPLR. (L 1972, ch 890, § 3.) CPLR 103 (subd [c]) admonishes the court to avoid dismissal of actions merely because of improper form. And CPLR 104 advises the court to construe the CPLR liberally in order to achieve the just determination of every civil judicial proceeding.
Although the court is in agreement with the village herein that the notice of lien cannot be said to fully appraise the *188 village of the full claim herein, this argument cannot be raised concerning the City Court action. The plaintiff’s third-party complaint and counterclaim therein fully set forth the claims being alleged in this action and the total damages sought. The third-party complaint and counterclaim were served on the village well within the one-year time limit for filing a notice under this statute. This court cannot find any prejudice resulting to the defendant by a determination that the papers served in the City Court action resulted in substantial compliance with the requirements of this statute. (See Newberry Corp. v City of Batavia, Nov., 1979, Sedita, J.; Matter of Phaler v Hicks, 71 AD2d 820; Kieninger v City of New York, 53 AD2d 602; Moskol v Sood, 404 F Supp 916; Gennusa v Lindenhurst Public Schools, 68 AD2d 901; Quintero v Long Is. R. R. 31 AD2d 844.)
Having determined that the defendant village received notice of this claim within one year of the accrual of this cause of action, we note that the action was thereinafter commenced within 18 months as required by this statute.
Accordingly, for the reasons set forth above, this motion is denied.