## (June 29, 1972)

■ GERTRUDE F. PRICE, as Administratrix of the Estate of HELENA T. MALLON, Deceased, Respondent, v. BERMAN LEASING Co. et al., Appellants.— Amended judgment, Supreme Court, New York County, entered on December 14, 1971, in favor of plaintiff-respondent, unanimously reversed, on the law and on the facts, and vacated, and a new trial on the issue of damages granted, with costs and disbursements to abide the event, unless the plaintiff-respondent within 20 days of service upon her by the defendants-appellants of a copy of the order to be entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in the second cause of action for conscious pain and suffering to $10,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. In our opinion, the amount awarded by the jury for pain and suffering was excessive and a verdict in excess of the amount indicated is not warranted on this record. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ BROKERAGE DATA PROCESSING CORPORATION, Respondent, v. EASTCHESTER SAVINGS BANK, Appellant.— Order, Supreme Court, New York County, entered on March 17, 1972, so far as appealed from, unanimously reversed, on the law, and the motion of defendant-appellant to dismiss the fourth cause of action granted. Appellant shall recover of respondent $50 costs and disbursements of this appeal. Plaintiff-respondent's dishonest employee, designated by it to sign checks with a coemployee, signed certain checks made out to fictitious payees, procured his coemployee's signature, indorsed the fictitious payees' names, and deposited the checks to his account in defendant bank. The fourth cause alleges negligence by defendant bank. Such a cause will not lie in these circumstances against the collecting bank. (See *Chartered Bank* v. *American Trust Co.*, 47 Misc 2d 694; 48 Misc 2d 314, affd. 26 A D 2d 623.) *Commercial Trading Co.* v. *Trade Bank & Trust Co.* (286 App. Div. 722) avails plaintiff not; that suit was against drawee bank, which impleaded the collecting bank. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Steuer, JJ.