■ LOUISE SINGLETON, Respondent, v. NATIONAL BANK OF NORTH AMERICA, Appellant.— In an action to recover damages for defendant's alleged negligence in honoring three forged checks drawn on plaintiff's checking account, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, entered June 19, 1973, as denied its motion to dismiss that part of the complaint which alleges a claim for punitive damages. Order reversed insofar as appealed from, on the law, with $20 costs and disbursements, and motion granted. The complaint fails to state a basis for recovery of punitive damages from the defendant bank. We do not believe this is a case in which such damages may be awarded (*Walker* v. *Sheldon*, 10 N Y 2d 401; *James* v. *Powell*, 19 N Y 2d 249; *Vinlis Constr. Co.* v. *Roreck*, 27 N Y 2d 687; *Greiss* v. *Royal Nat. Bank*, 31 N Y 2d 1003). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ TOWN OF HUNTINGTON et al., Appellants, v. OTTEN PONTIAC, INC., et al., Respondents.— In an action to enjoin defendants from using certain premises in the Town of Huntington as a metal working and automobile body repair shop, plaintiffs and plaintiffs-intervenors appeal from so much of a judgment of the Supreme Court, Suffolk County, entered January 9, 1973, as dismissed the complaint and directed that the Zoning Board of Appeals of the Town of Huntington issue to defendants a special use permit with respect to the premises, upon their application therefor within a stated time. Judgment modified, on the law, by deleting therefrom the third decretal paragraph, which directs the zoning board to issue the special use permit, and by substituting therefor a provision that defendants may apply to the Zoning Board of Appeals of the Town of Huntington for the special use permit. As so modified, judgment affirmed insofar as appealed from, without costs and without prejudice to the reinstitution of this action should defendants fail to make such application to the Zoning Board of Appeals within 90 days after entry of the order to be made hereon or should such application be denied. While the denial of an injunction was justifiable under the facts and circumstances of this case, it was error for the trial court to direct the issuance of a special use permit, since no such permit had ever been sought. The trial court's attempt to reach an equitable result caused it to exceed its jurisdiction. Thus, while we affirm so much of the judgment as directs defendants to seek the special use permit since the use to which the premises would be put is only permitted if there be a special use permit, we cannot, at this time, rule on the granting or denying of such permit. Such a decision should not be made by the courts until an application shall have been made to and determined by the Zoning Board of Appeals pursuant to the town ordinance. Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.