Abraham J. Gellinoff, J.
Plaintiff, the drawer of various checks, seeks judgment against defendant banks, claiming that defendants wrongfully paid the checks, and wrongfully debited the amounts thereof to plaintiff’s accounts. Both sides move for summary judgment. Defendant Clarice Rich has not answered the complaint, and is not involved in this motion.
Ms. Rich was an employee of plaintiff. It was her duty to prepare requisitions for checks to be issued by plaintiff for scholarships and other payments to students, to prepare the *562 checks, to have them signed by authorized personnel, and to send the checks to their recipients.
However, in some instances, instead of sending the checks, Ms. Rich retained them. Also, on a number of occasions, she prepared duplicate requisitions and checks, which, when signed, she likewise retained. She then forged the indorsement of the named payees on the checks she had retained, and cashed them at defendant Chemical Bank. Some of the checks were drawn on plaintiffs accounts at Chemical Bank, others on its accounts at defendant Bankers Trust. The amounts of the checks were charged to plaintiffs accounts at each bank. After discovery of the forgeries plaintiff demanded that its accounts be credited. Defendants’ refusals led to this action.
Upon this motion for summary judgment, defendants assert that the indorsements, although forgeries, are nevertheless "effective”, because the forger, as an "employee of the maker or drawer [,] has supplied * * * [the drawer] with the name of the payee intending the latter to have no such interest” (Uniform Commercial Code, § 3-405, subd [1], par [c]). Additionally, Chemical Bank argues that, as to the checks it cashed which had been drawn on Bankers Trust, Chemical was merely a collecting bank, and owed no responsibility to plaintiff as a matter of law. Finally, both defendants urge that, as to some of the checks, this action is barred by the pertinent Statute of Limitations.
Plaintiff does not seriously contest the applicability of section 3-405 to the facts of this case. It does, however, claim that, as a municipal rather than a business corporation, it ought to be relieved of the onus of that section. This argument is frivolous.
Plaintiff’s principal argument is that even if, by its terms, section 3-405 does apply, defendants are estopped from invoking its protection because it was their gross negligence, amounting to commercial bad faith, which permitted the forger to cash the checks. Plaintiff is incorrect. For, section 3-405 speaks as of the time the indorsement is forged, and makes that indorsement effective under the circumstances specified in the statute. Subsequent conduct in the negotiation of the check cannot alter the effectiveness of the indorsement.
But the conclusion that the forged indorsements were effective does not determine the issue of defendants’ liability. With respect to certain of the checks it cashed, Chemical, as drawee bank, had an obligation to plaintiff, its customer, to exercise *563 due care; and it had authority to charge plaintiffs account only for checks it cashed "in good faith” (Uniform Commercial Code, § 4-401). If Chemical cashed these checks as a result of its own negligence, and not in good faith, it is liable to plaintiff notwithstanding the effectiveness of the indorsements (see Federal Ins. Co. v Groveland State Bank, 44 AD2d 182, 186-188, mod, 37 NY2d 252; Arrow Bldrs. Supply Corp. v Royal Nat. Bank of N. Y. 21 NY2d 428, 431).
The papers submitted on this motion demonstrate at the very least a bona fide factual issue as to Chemical’s negligence and lack of good faith. For, at examination before trial, Chemical’s employees admitted that Ms. Rich was able to obtain cash for the checks by simply presenting them to a teller. The bank made no attempt to verify her identity as the named payee; indeed, she frequently obtained cash for several checks, made payable to different payees, at the same time. Further, Chemical’s tellers were familiar with her, and knew that she was not a named payee, but was an employee of plaintiff drawer.
Too, Chemical’s assistant branch manager testified that a request by a drawer to cash its own check made payable to another "is a very unusual situation,” and the bank would encourage the drawer to substitute another check made payable to itself. Bank policy, he further testified, would require, if a drawer insisted on cashing the check, that the drawer indorse the check it is presenting. And, if the person attempting to cash the check is an employee of a drawer, bank policy requires presentation of both identification and authorization.
Concededly, these rules were not followed with respect to the checks cashed by Ms. Rich. While defendants contend that these lapses do not constitute gross negligence or bad faith, but, at worst, violation of usual banking procedures, a trier of fact might find otherwise.
Accordingly, Chemical’s motion for summary judgment with respect to the checks on which it was the drawee bank, and plaintiff’s cross motion, are both denied.
As to those checks which Chemical cashed but which were drawn on accounts at Bankers Trust, Chemical seeks summary judgment on the contention that it was merely a "collecting bank” and thus had no responsibility to plaintiff, since it acted solely as agent for its "customer,” Ms. Rich (see Chartered Bank v American Trust Co., 48 Misc 2d 314).
A "collecting bank” is one "handling the item for collec *564 tion” (Uniform Commercial Code, § 4-105, subd [d]), that is, a bank which processes the check during the collection procedure, on behalf of another. But that is not the role Chemical played in the transactions at issue here. Ms. Rich was not a "customer” of Chemical; she had, so far as this record reveals, no account at Chemical. Nor did Chemical take these checks from her for collection, it purchased them from Ms. Rich, paying cash for them, and sought to collect on them for its own account.
The defenses available to a collecting bank are thus not available to Chemical in this action. It was entitled to be paid on these checks only if, as owner of the checks, it was a holder in due course (Uniform Commercial Code, § 3-305). And it could be a holder in due course only if it took the checks "in good faith” and without notice "of any defense against * * * it” (Uniform Commercial Code, § 3-302, subd [1]). Whether it acted in good faith, and without notice of a defense, is, under the circumstances of this case, a factual issue not subject to determination upon the papers submitted. Accordingly, summary judgment as to these checks also must be denied Chemical and plaintiff.
With respect to Bankers Trust, however, such factual issues do not exist. The checks paid by Bankers Trust, as drawee bank, to Chemical, contained "effective” indorsements. And plaintiff makes no allegations of bad faith on the part of Bankers Trust in making payment. Section 3-405 therefore renders plaintiff’s claim against Bankers Trust insufficient as a matter of law.
Accordingly, Bankers Trust’s motion for summary judgment must be granted.
Finally, Chemical Bank claims that, as to certain checks, plaintiff failed to "discover and report” the unauthorized indorsements within the three year limitations period provided in subdivision (4) of section 4-406 of the Uniform Commercial Code. Plaintiff has not controverted these allegations. Accordingly, as to any such checks on which Chemical was the drawee bank, its motion for summary judgment is granted.