■ TITAN AIR CONDITIONING CORP. et al., Respondents, v CHASE MANHATTAN BANK, N. A., et al., Appellants. CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Third-Party Plaintiff, v ROBERT DANA et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered June 15, 1977, which resettled the order entered on March 23, 1977 awarding the plaintiffs summary judgment as to liability on the first two causes of action, and denied the defendants' cross motion for summary judgment dismissing the amended verified complaint, unanimously modified on the law, without costs and without disbursements, to grant the cross motion of the defendants for partial summary judgment with respect to: (1) a check for $14,700 drawn to the order of Singer Corporation as to which the funds have been recredited to the plaintiffs' account (the plaintiffs have conceded this item); and (2) 10 checks in the sum of $36,128.84 drawn on banks other than the defendant Chase Manhattan Bank, as to which the defendant Chase was simply the collecting bank; and (3) dismissing the plaintiffs' fourth cause of action for punitive damages, and further the plaintiffs' motion for summary judgment is denied, and the assessment for the plaintiffs is vacated on the law, without costs and without disbursements, and otherwise affirmed. The order of May 10, 1977 denying the defendants' motion to strike this action from the calendar is unanimously affirmed, without costs and without disbursements, with leave, however, granted to the defendants to conduct further depositions with respect to the question of consequential damages within 60 days after the publication hereof. The appeal from the order of March 23, 1977 is unanimously dismissed, without costs and without disbursements, as academic. The plaintiffs employed a bookkeeper who prepared checks drawn on the plaintiffs' accounts at the Chase Manhattan and other banks, and then forged the indorsements, depositing the checks in the

checking account of a dummy corporation which the bookkeeper maintained at the Chase branch in which the plaintiffs had one or some of their accounts. The defendants were negligent in allowing this to occur, because it was a small branch with only a few employees, and the plaintiffs' account was the largest in the branch, and the account and its operations were familiar to the employees of the branch. It is contended by the plaintiffs that the defendants were grossly negligent and acted in bad faith. The defendants in turn contend that the plaintiffs were negligent in the hiring and continued employment of the dishonest bookkeeper. The defendants rely on section 3-405 (subd [1], par [c]) of the Uniform Commercial Code, analyzed in *Board of Higher Educ. v Bankers Trust Co.* (86 Misc 2d 560). We believe that a trial is warranted with respect to the activities of both the plaintiffs and the defendants. (Cf. *Tonelli v Chase Manhattan Bank,* 41 NY2d 667.) With respect to the checks drawn on other banks for which the defendant Chase served merely for collection, the cause of action will not lie. *(Brokerage Data Processing Corp. v Eastchester Sav. Bank,* 39 AD2d 895.) Similarly, with respect to the claim for punitive damages, the cause of action will not lie. (See *Singleton v National Bank of North Amer.,* 43 AD2d 857; cf. *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358.) The parties had stipulated with respect to depositions, that the filing of a note of issue and a statement of readiness by the plaintiffs would not preclude the defendants from completing their pretrial discovery commenced prior to a certain date. The effect of the plaintiffs' motion for summary judgment was to preclude the defendants from having the advantage of that stipulation by unilaterally staying disclosure even before the stipulated date. (CPLR 3214, subd [b].) Although the defendants have examined the plaintiffs at length, and we do not condone such a stipulation, under the circumstances and the substantial claim for consequential damages, an additional period of time for depositions is warranted. (See 22 NYCRR 660.4 [d] [4].) Concur—Kupferman, J. P., Lupiano, Silverman and Evans, JJ.