■ JEWEL EQUITIES CORPORATION, Doing Business as TALLY HO MOBILE HOME ESTATES, Appellant, v TOWN OF AMENIA ZONING BOARD OF APPEALS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Amenia (zoning board) which denied petitioner's application for an amended special use permit increasing the capacity of petitioner's mobile home park from 150 units to 154 units, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Wood, J.), dated June 25, 1984, which confirmed the zoning board's determination.

Judgment affirmed, without costs or disbursements.

On November 14, 1983, petitioner Jewel Equities Corporation made application to the Town of Amenia Zoning Board of Appeals for permission to increase the capacity of its mobile home trailer park to 154 units. Petitioner's mobile home park was established in 1972 by court order entered upon a stipulation between the then owner of the trailer park, Richard Hahn, and the Town of Amenia. Pursuant to the court order, a maximum of 150 mobile homes units was permitted on the premises. At the time, there was no zoning law, and the then applicable ordinance was entitled, "Ordinance for the Regulation of House Trailers and Trailer Camps in the Town of Amenia". Pursuant to the aforesaid ordinance, applications for trailer park permits were to be made to the Town of Amenia Planning Board. The Town Board was empowered to conduct hearings in the event an application was denied.

Subsequent to the creation of petitioner's mobile home park, the Town of Amenia, pursuant to Local Laws, 1973, No. 1 of Town of Amenia, enacted a comprehensive zoning law, and more specifically, pursuant to article VIII thereof, established a Zoning Board of Appeals. As noted above, by application dated November 14, 1983, petitioner sought permission from the zoning board to increase the number of mobile home units on its property from the then maximum of 150 to 154 units. As Special Term put it, petitioner in essence "seeks an amended Special Use Permit". By resolution dated March 13,

1984, the zoning board denied petitioner's application on the ground that it lacked jurisdiction to grant the relief requested. The resolution stated that petitioner's application was governed by the aforesaid trailer park ordinance, under which only the Town of Amenia Planning Board possessed jurisdiction to grant petitioner's request. Further, the zoning board stated that even if it did possess jurisdiction, it would nevertheless have denied petitioner's application since, in its view, the operation of a trailer park is not a use denominated as authorized, even by special permit, in the zone which encompasses petitioner's property.

Special Term confirmed the determination of the zoning board and dismissed the petition, reasoning that any application to increase the number of units must be referred back to the original permitting authority, the Town Board. On appeal, petitioner argues, *inter alia,* that any application for an amendment to its permit falls within the broad jurisdiction of the subsequently created zoning board.

In 1973, the Town of Amenia enacted a comprehensive zoning ordinance which created a Zoning Board of Appeals empowered to consider a broad range of controversies including, but not limited to, disputes involving special use permits. Initially, it is to be noted that the jurisdiction of the zoning board is quite extensive. Section 8.14 of that zoning ordinance states that the "Board shall perform all the duties and have all the powers prescribed by the Laws of the State of New York". Moreover, section 8.24 states that the "Zoning Board of Appeals may issue a Special Use Permit for *any of the uses* for which this law requires the obtaining of such permits from the Board" (emphasis added). Finally, section 6.55 (1) states that "Special uses, *as enumerated in Schedule I,* shall be permitted only upon authorization by the Zoning Board of Appeals" (emphasis added). Significantly, "Trailer and/or Mobile Home Parks" are listed as subject to special permit in "Schedule I" under the "Residential-Medium Density" zone. Since trailer parks are listed in "Schedule I" as subject to special permit requirements, the zoning board clearly possesses jurisdiction to entertain such an application. Accordingly, the contention that the zoning board lacks jurisdiction to entertain special permits disputes involving trailer parks is untenable.

, Respondents, nevertheless, rely upon certain provisions in the zoning ordinance itself which they argue establish that the Town Board still maintains exclusive jurisdiction over applications involving trailer parks. The two provisions princi-

pally relied upon by respondents are sections 4.26 and 10.10. Section 4.26 states: "4.26 Trailers and Trailer Camps. Trailers and Trailer Camps installed and maintained as permitted in this law and in accordance with standards provided for and controlled by separate and additional Town laws or ordinances". Section 10.10 states: "INTERPRETATION, CONFLICTS WITH OTHER LAWS. In their interpretation and application, the provisions of this law shall be held to be minimum requirements, adopted for the promotion of the public health, morals, safety, or the general welfare. It is not intended to interfere or abrogate or annul other rules, regulations, laws or ordinances, provided that wherever the requirements of this law are at variance with the requirements of any other lawfully adopted rules, regulations, laws or ordinances, the most restrictive, or that imposing the higher standards shall govern".

Significantly, neither provision states, or even implies, that administrative predecessors to the zoning board must maintain exclusive jurisdiction over matters once within their purview but now within the jurisdiction of the zoning board. Indeed, the apparent purpose of the foregoing provisions is to ensure that preexisting substantive law is applied under the new zoning law, especially when more "restrictive" standards existed under prior law. Since the relevant provisions of the zoning law disclose that the zoning board possesses jurisdiction to resolve disputes involving trailer park permit questions, Special Term erred in confirming the denial of petitioner's application on jurisdictional grounds.

The question whether petitioner is entitled to the relief requested is another matter altogether. Since the zoning board indicated that it would deny petitioner's application even it if had not declined jurisdiction over the matter, it would be futile to remit the instant proceeding to the zoning board for further consideration. We therefore reach the merits of petitioner's application and affirm, although not for the reasons set forth by Special Term.

Petitioner concedes its entitlement to the additional mobile homes is governed by the Town of Amenia zoning law. It is undisputed, moreover, that petitioner's trailer park is located in the town's "Residential-High Density" zone (R-H zone). Trailer parks are *not* listed as a permissible use in this zone, i.e., petitioner's trailer park is a nonconforming use. Petitioner, nevertheless, argues that the operation of a trailer park is a permissible use and relies upon certain language contained in "Schedule I" of the zoning law under which

"permitted principal" uses in the R-H zone are listed. Under the R-H zone column entitled "Permitted Principal" uses, it is stated that said uses include: "Any use permitted in the R-M Residential Medium Density District except Kennels". Since trailer parks are listed as subject to special permit in the aforementioned R-M zone, petitioner concludes that trailer parks are also permissible, subject to special permit, in the more densely populated R-H zone. Notably, even in the R-M zone, trailer parks are not permissible "principal" uses, but rather, may be operated *only* subject to special permit.

Initially we note that the language relied on by petitioner, read literally, would virtually compel the conclusion that *all* uses listed in the R-M zone must be permitted as "principal uses" in the R-H zone. Even petitioner does not argue that this result must obtain. Despite the ostensibly inclusive scope of the disputed phrase, each use subject to special permit in the R-M zone is relisted in the R-H zone, either as "principal use" or, significantly, as "Subject to Special Permit". The only use subject to special permit in the R-M zone which does not appear *anywhere* in the subject R-H zone is the trailer park use. Petitioner maintains, however, that the language in question states unequivocally that "*[a]ny use* permitted in the * * * Residential Medium Density" is permissible in the R-H zone (emphasis added). Thus, according to petitioner, even though trailer parks are nowhere specifically listed in the R-H zone, the aforesaid language nevertheless requires inclusion of that use in that zone.

It is argued, specifically, that since trailer parks are permissible "Subject to Special Permit" in the R-M zone, the effect of the aforesaid language is to similarly allow them "Subject to Special Permit" in the R-H zone. The manner in which the various uses are set forth in each zone, however, belies this contention. Significantly, "Nursery Schools" and "Garden Apartments or Multiple Dwelling Units" are listed as "Subject to Special Permit" in both the R-M and R-H zones. If, as petitioner suggests, all special permit uses set forth in the R-M zone were intended to be permitted in the R-H zone, the relisting of "Nursery Schools" and "Garden Apartments or Multiple Dwelling Units" as uses subject to special permit in the R-H zone is inexplicably redundant.

It is apparent, therefore, that the operation of a trailer park was not intended as a permissible use in the subject R-H zone and that the reference to uses in the R-M district was not intended to include trailer parks. Accordingly, petitioner is not entitled to an amended special use permit and its applica-

tion must be denied. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.