Kimberly A. Judd Informal Opinion Senior Assistant Town Attorney No. 2004-4 Town of Southampton 116 Hampton Road Southampton, N.Y. 11986
Dear Ms. Judd:
You have asked whether a local law limiting the appellate jurisdiction of the Town of Southampton's Zoning Board of Appeals ("ZBA") is consistent with Town Law § 267-a(4), which describes the jurisdiction of local zoning boards of appeals. You have advised us that the Town has a local law, Southampton Town Code § 330-165[1], which could be interpreted as precluding the owner of an adjoining property from appealing to the ZBA the granting of a building permit or certificate of occupancy[2]. Your question is whether Town Law § 267-a(4)'s prefatory language "[u]nless otherwise provided by local law or ordinance" authorizes such a local law.
We conclude that this language was not intended to permit a town to restrict the appellate jurisdiction of its ZBA, but rather was intended to allow towns to give local ZBAs the jurisdiction to hear non-appellate matters, such as applications for special permits, in addition to appeals. Thus, to the extent your local law is interpreted as precluding an appeal that would otherwise be available under section 267-a, it is inconsistent with the state law and consequently invalid.
ANALYSIS
We begin with an analysis of the language of Town Law § 267-a, which provides:
 Unless otherwise provided by local law or ordinance, the jurisdiction of the board of appeals shall be appellate only and shall be limited to hearing and deciding appeals from and reviewing any order, requirement, decision, interpretation, or determination made by the administrative official charged with the enforcement of any ordinance or local law adopted pursuant to this article. Such appeal may be taken by any person aggrieved, or by an officer, department, board or bureau of the town (emphasis added).
Setting aside the underlined prefatory language, the plain language of the statute provides that the jurisdiction of a zoning board of appeals is "appellate only" and limited to hearing appeals from and reviewing
orders, decisions and determinations of the local zoning officer. That is, section 267-a does not grant a zoning board of appeals original jurisdiction to decide zoning applications. Instead, the statute limits the board's jurisdiction to reviewing determinations made by the official charged with enforcing zoning laws (typically the zoning administrator), "[u]nless otherwise provided by local law or ordinance." The prefatory language thus appears to refer to local laws or ordinances that give a zoning board of appeals additional jurisdiction over non-appellate matters, not to local laws that restrict the ZBA's appellate jurisdiction.
This reading of the statute is consistent with the overall statutory scheme governing zoning boards of appeals. A town that adopts a zoning law under Town Law Article 16 must have a zoning board of appeals. See
Town Law § 267(2). Section 267-a of the Town Law also provides thatevery order, requirement, decision, interpretation or determination of the zoning official must be filed. See Town Law § 267-a(5). It further authorizes any aggrieved person to appeal such decisions to the zoning board of appeals, and provides a specific time frame for taking those appeals. Id. § 267-a(4),(5). These provisions indicate that the Legislature intended zoning boards of appeals to have broad appellate jurisdiction. An interpretation of section 267-a as providing for mandatory appellate jurisdiction, while authorizing additional non-appellate jurisdiction as local conditions require, is thus consistent with the broader legislative scheme.
This interpretation is also consistent with the legislative history of Town Law § 267-a. The previous state law provision governing the jurisdiction of a zoning board of appeals provided that such board "shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article. It shallalso hear and decide all matters referred to it or upon which it isrequired to pass under any such ordinance." Former Town Law § 267(2) (emphasis added). Consistent with the former provision, ZBAs were sometimes delegated by local ordinance original jurisdiction over specific matters such as special use permits, in addition to the grant of appellate authority under state law. See Barron v. Getnick, 107 A.D.2d 1017,1018 (4th Dep't 1985) (section 267 grants only appellate jurisdiction to ZBA); Jewel Equities Corp. v. Armenia Zoning Bd. of Appeals,114 A.D.2d 353, 354 (2d Dep't 1985) (pursuant to local ordinance, ZBA had authority to entertain applications for special use permits); Huntingtonv. Otten Pontiac, Inc., 43 A.D.2d 857 (2d Dep't 1974) (same).
The 1991 amendment enacting section 267-a, which deleted the underlined language and added the prefatory phrase, "unless otherwise provided by local law or ordinance," was part of a recodification and clarification of the state laws governing the powers and duties of town and village zoning boards of appeals.[3] See Sponsors' Mem., reprinted in Bill Jacket for ch. 692 (1991), at 19 (purpose of the 1991 amendments was to "recodify the laws which guide the function of zoning boards of appeal to encourage improved local understanding and facility in implementing the statute"). One of the specific purposes of the bill was to "provide a long-needed clarification of zoning board of appeals appellate power." Dept. of State Mem., reprinted in Bill Jacket for ch. 692 (1991), at 26. The amended language thus served to clarify that section 267-a grants local ZBAs only appellate review power, while allowing local governments to also delegate original jurisdiction over certain matters through local legislation.
Finally, we note that commentators on section 267-a have uniformly interpreted it to provide for mandatory appellate jurisdiction, while allowing the town board to give its zoning board of appeals original jurisdiction over certain designated matters. See Terry Rice, Practice Commentaries to Town Law § 267-a, 61 McKinney's Cons. Laws of N.Y. at 259 (2004) ("In addition to the statutorily mandated appellate jurisdiction, § 267[-a](4) recognizes that a zoning board of appeals may be delegated original review authority with respect to certain permit applications, such as, for example, special permits. The authority to entertain such applications is not found in Town Law § 267-a, but may be delegated to a zoning board of appeals in a town's zoning law.") (emphasis added); Patricia E. Salkin, Land Use Regulation, in 2 New York Practice Guide:Real Estate § 16.03[4][f] (2003 ed.) (noting that the ZBA has appellate jurisdiction and "may also have original jurisdiction to grant special permits or exceptions, or similar authorizations, under the local zoningordinance") (emphasis added).
You have indicated that your local zoning law could be interpreted as precluding the owner of any adjoining property from appealing to the ZBA the granting of a building permit or certificate of occupancy. As noted, section 267-a contains a broad grant of appellate review authority; it refers to hearing appeals from any order, decision, interpretation or determination of the local zoning administrator from any person aggrieved. See also Town Law § 267-a(5) (requiring the filing of all orders, requirements, decisions, etc. of the local zoning administrator for appeal purposes). It is well-accepted that an adjacent landowner who is aggrieved by the granting of a building permit or certificate of occupancy has standing to appeal the issuance of the permit to the zoning board of appeals. See, e.g., Bonded Concrete v. Zoning Bd. of Appeals ofTown of Saugerties, 268 A.D.2d 771, 772 (3d Dep't 2000) (adjacent landowners had standing to appeal issuance of certificate of occupancy to ZBA under Town Law § 267-a); Patricia E. Salkin, Land Use Regulation in 2New York Practice Guide: Real Estate § 16.06(3)(a). Thus, to the extent your local law is interpreted as precluding such an appeal, it is inconsistent with Town Law § 267-a.
Further, inasmuch as section 267-a is a general law for home rule purposes, see Municipal Home Rule Law § 2(5) (a "general law" is a state statute that by its terms and in its effect applies alike to all counties, all counties other than those wholly-included within a city, all cities, all towns or all villages), local laws must be consistent with its provisions, unless authorized by and adopted under a town's "supersession authority."[4] See N.Y. Const. art. 9, § 2(c) (local laws must be consistent with constitution and general state laws); Municipal Home Rule Law § 10(1) (same); 1979 Op. Att'y Gen. (Inf.) 170 (local law providing that zoning determinations are appealed to town board rather than to zoning board of appeals invalid as inconsistent with former Town Law § 267).
We thus conclude that Town Law § 267-a(4) grants local ZBAs mandatory appellate jurisdiction. The statute authorizes municipalities to supplement this appellate jurisdiction with non-appellate matters, such as special permit applications, through the enactment of local laws or ordinances, but it does not authorize municipalities to limit the ZBA's appellate jurisdiction.
The Attorney General renders formal opinions only to officers and departments of the State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
Laura Etlinger, Assistant Solicitor General In Charge of Opinions
By:___________________________ Carol Fischer Assistant Solicitor General
[1] Southampton Town Code § 330-165, titled "Appeals on Interpretation of Zoning Law and Map," provides:
The Board of Appeals shall, upon appeal, hear and decide:
 A. Any matter where the applicant alleges that the building inspector was in error in refusing to issue a building permit or certificate of occupancy or a license for a place of public assembly for the specific use requested by the applicants therefore as a result of misinterpreting the meaning, intent or application of any section or part of this chapter.
 B. Any matter where the appellant alleges that the building inspector was in error in its determination as to the exact location of a district boundary line on a zoning map that forms a part of this chapter.
 C. Any matter which the building inspector appeals on grounds of doubt as to meaning or intent of any provision of this chapter or as to the location of a district boundary line on the local zoning map.
[2] The Office of the Attorney General does not interpret or construe local laws, a task best left to local officials familiar with local conditions and the intent of the local legislative body. Our analysis is therefore limited to the question whether the local law, if so interpreted, is consistent with state law.
[3] The 1991 amendments concerning ZBAs repealed the former Town Law §267 and added the present Town Law § 267, together with Town Law §§ 267-a,267-b and 267-c, and repealed the former Village Law § 7-712. They also added the present Village Law § 7-712 and Village Laws §§ 7-712-a, 7-712-b and 7-712-c.
[4] Courts have held that supersession authority — the authority under Municipal Home Rule Law § 10 to amend or supersede provisions of the Town Law — may be exercised with respect to provisions of the Town Law relating to zoning matters. See Cohen v. Bd. of Appeals of Village ofSaddle Rock, 100 N.Y.2d 395, 400 (2003) (village supersession authority); North Bay Assocs. v. Hope, 116 A.D.2d 704, 706 (2d Dep't 1986); Sherman v. Frazier, 84 A.D.2d 401, 408 (2d Dep't 1982); see also
Op. Att'y Gen. (Inf.) No. 99-36. Supersession is permitted where not expressly prohibited by the Legislature or otherwise preempted by State law. Cohen, 100 N.Y.2d at 400. However, you have not indicated that your local law was intended to supersede or amend Town Law § 267-a's grant of appellate jurisdiction and there is no statement of intended supersession as would be required by Municipal Home Rule Law § 22. Rather, you have inquired whether the local law, if interpreted as restricting the ZBA's appellate jurisdiction, is permitted under the terms of Town Law § 267-a. We therefore do not address whether a town may limit the appellate jurisdiction of its ZBA by exercising its supersession powers under Municipal Home Rule Law § 10(1)(ii)(d)(3). Cf. Cohen v. Bd. of Appeals ofVillage of Saddle Rock, 100 N.Y.2d at 402 (concluding that another aspect of the comprehensive 1991 ZBA legislation — the provision defining the standards to be used by ZBAs in granting area variances — was intended to impose a state-wide standard and therefore preempts town and village supersession of that subject); Stone Landing Corp. v. Bd. of Appeals ofVillage of Amityville, 773 N.Y.S.2d 103 (2d Dep't 2004) (followingCohen).