Abraham N. Geller, J.
Defendants E. J. Korvette, Inc. (hereinafter Korvette) and Spartans Industries, Inc., which merged with Korvette, move for dismissal of the complaint as to them as legally insufficient and barred by res judicata.
Plaintiffs Lehman and Arthur Walker (a principal of plaintiff Arthur W. Walker, Inc., herein) commenced a prior action in 1965 against defendant Korvette, Arlen Properties, Inc., and Eugene Ferkauf (a principal of Korvette), alleging, in a verified complaint, that plaintiffs, as real estate brokers, were deprived of commissions on the sale or lease of certain real property by said defendants acting in a conspiracy for that purpose. Specifically, the charge was made that the plaintiffs had been authorized by the owners of that property to negotiate a lease to Korvette and that a director of Korvette had been advised of that property’s availability. Thereafter, it was alleged, said director had advised Ferkauf of that fact, and defendants schemed to procure the property in the name of Arlen Properties, Inc., which, in turn, leased the property to Korvette, and thus payment of brokerage fees to plaintiffs was avoided. A motion by Korvette and Ferkauf for dismissal of that complaint as legally insufficient was granted, principally upon the ground that the allegations did not show plaintiffs to have been the procuring cause of the lease, with leave granted to plaintiffs to replead.
Thereafter an amended verified complaint was served, alleging that plaintiffs had been employed by the owners ‘ ‘ to obtain a successor tenant or purchaser ”, and once again defendants Korvette and Ferkauf moved for and were granted dismissal of the complaint as. legally insufficient, .the court stating that there *374 was no allegation that would sustain plaintiffs’ right to commissions, no exclusive agency being claimed, plaintiffs merely alleging that they brought the property to the attention of the ultimate lessee, even if the first to do so. The court further stated that “ To the extent plaintiffs’ claim may be based upon a claim that defendants effected a destruction of or interference with their right to a commission after that right matured, it must fall because there has been no allegation that the former owners (their employers) of the property are unable to pay plaintiffs that sum [citing cases].” No leave to replead was granted.
While this second action has been brought against two additional defendants, this motion to dismiss actually affects only Korvette. Also the fact that Walker is now alleging his claim in corporate form is of no consequence on this motion.
The complaint in this action differs from the amended complaint in the first action only semantically. While the earlier complaint alleged that the owners employed plaintiff Walker “to obtain a successor tenant or purchaser ”, the instant complaint alleges that they employed Arthur M. Walker, Inc., ‘ ‘ to find a purchaser for said premises, or to find a tenant therefor.” In the earlier complaint there was an allegation as to deprivation of the real estate brokerage and -sales commissions which could have been earned from the owners; here there is an allegation as to the deprivation of the Real Estate Board Commissions in the same amount which the -owners agreed to pay for “ finding ” a purchaser or tenant. In the earlier complaint the allegation was that plaintiffs had advised a Korvette representative of the details of the availability of these premises for lease, while here it is alleged that plaintiffs “ presented the -said premises to the defendant, E. J. Korvette, Inc., for purchase or for lease ’ ’.
This complaint is virtually identical to the amended complaint previously dismissed for failure to state a cause of action. No appeal was taken from that dismissal, nor application made to that Judge upon a proper evidentiary showing for further leave to amend. The rationale of CPLR 3211 (subd. e) regarding leave to amend on an evidentiary showing is to facilitate a disposition on the merits as to whether a plaintiff really has a cause of action and not merely whether the subject complaint states a cause of action. Avoidance of such procedure by instituting a new action for essentially the same cause on the same facts cannot be permitted.
Moreover, the determination dismissing the earlier complaint, ‘ ‘ whether right or wrong, is a bar to another action for the *375 same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other ” (Linton v. Perry Knitting Co., 295 N. Y. 14, 17). Here the change from “obtain” to “find” cannot, under the circumstances of this action by real estate brokers to recover commissions for a lease of real estate, be deemed to correct the defects held to be fatal to the cause iof action asserted against the lessee and those associated on its side of the transaction.
Disregarding their sworn earlier complaints, plaintiffs are now attempting to draw a distinction as to their function in this transaction, placing their present reliance upon the line of cases that recognizes the validity of a claim for a so-called finder’s fee for merely introducing and bringing the parties together or bringing the transaction to the attention of the prospect, without participating in the negotiations, of a sale of a business or similar transaction. While a broker cannot recover unless he brings the parties to an agreement or is the procuring cause, a person may be entitled to a finder’s fee in a special business situation for merely introducing and bringing the parties together to conduct their own negotiations, if that is his agreement with the owner.
This complaint, however, is held to be legally insufficient. Aside from the fact that the owners of the property would be the only party liable for the finder’s fee on the basis, as alleged, of a mere presentation of the premises to Korvette for purchase or lease, there is a fundamental reason for rejecting a claim for a finder’s fee made under circumstances such as these by real estate brokers with respect to a sale or lease of real estate. The governing rule as to real estate brokers is that, in order to earn a commission for the sale or rental of real property, they must do more than merely bring the property to the attention of the purchaser or lessor. They must either have been the procuring cause for the consummation of the transaction or to have participated in the negotiations until it reached such a stage as would have earned them their commissions but for some wrongful act of the party sued. Indeed, that was the rule •set forth in the decision dismissing the earlier amended complaint.
To permit real estate brokers to avoid the rule of law established over the years governing their right to commissions by a semantic change from “ obtain ” to “ find ”, whose distinction would be lost to all but a few members of the Bar, but with allegedly resultant fundamental differences in the function to be performed to earn the commission, would spell the end of *376 that rule and open the door to multiple litigation by many different brokers claiming that they “found” the ultimate buyer or lessee. The concept of a finder’s fee may be appropriate in a special type of business .situation based on an explicit understanding to that effect but cannot be availed of in a typical, even if large, real estate purchase or lease by a real estate broker, who would not be entitled to commissions under the established brokerage rule. The complaint is accordingly dismissed as to movants.