■ MARY L. COX et al., Respondents, v. ROBERT O. DU CHAINE, Appellant. — HERLIHY, J. Appeal by the defendant from an order of the Supreme Court at Special Term which denied defendant's motion to dismiss the complaint for failure to state a cause of action. The issue involves the civil liability of a volunteer fireman driving his own personal automobile while engaged in firemanic duties. (General Municipal Law, § 205-b.) The parties have prepared and signed a statement pursuant to CPLR 5527. It is set forth therein that on the 19th of January, 1966, in the evening, the defendant, a volunteer fireman, while operating his automobile in response to a fire alarm and on his way to the fire house, collided with an automobile owned by plaintiff Thomas J. Cox and operated by plaintiff Mary Lou Cox. It was also stipulated that it was defendant's duty "generally" as a fireman to respond to fire alarms. The motion to dismiss was premised upon the ground that since the defendant was a volunteer fireman in the performance of his duties, he can only be sued for "wilful negligence or malfeasance", and that the present complaint is insuffi-

cient in that the alleged negligent acts of defendant specified therein are not of such a nature as to be "wilful". Section 205-b of the General Municipal Law, as pertinent, reads as follows: "Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer fireman, except for wilful negligence or malfeasance * * * but fire districts created pursuant to law shall be liable for the negligence of volunteer firemen duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firemen, at the time of any accident or injury, were acting in the discharge of their duties." Special Term apparently held that the language of the above statute is "imprecise and unclear" because there might be a hiatus in responsibility for ordinary negligence of duly performing firemen except when they are operating vehicles owned by the fire district. Assuming that there is such a gap in the statute as to ordinary negligence, we do not perceive any ambiguity or lack of clarity in the express restriction of civil liability on the part of volunteer firemen, and the correction of any apparent hiatus in liability for negligence is the responsibility of the Legislature. It should be noted that that part of the section limiting liability to wilful negligence or malfeasance is not confined to motor vehicle litigation. In fact, at the time of the original passage of the statute by the Legislature, such a situation was not contemplated. It is, no doubt, intended to protect the fireman from all kinds of claims while in the performance of his duties as a fireman such as a decision as to the manner and method of fighting a fire, an order of demolition of the whole or part of the building or its contents and other duties too numerous to mention. Under the factual situation here presented, we deem it unnecessary to consider the liability of the fire district or municipality. Accordingly, we must reach the question of whether or not the complaint sufficiently alleges a cause of action against the defendant. The complaint specifies that the defendant failed to heed a stop sign; drove at an excessive and illegal rate of speed; gave no signal or warning of his approach; and operated his vehicle without regard for the safety of others. These allegations, if proven, could warrant a jury finding that the defendant had an utter disregard for the person and property of the plaintiffs and all users of the highway and might be sufficient to constitute wilful negligence or malfeasance if so pleaded. Order reversed, on the law and the facts, and defendant's motion to dismiss granted with leave to the plaintiffs to amend their complaint and to serve a copy of said amended complaint within 10 days after service of a copy of the order entered herein; without costs. Gibson, P. J., Herlihy, Aulisi, and Staley, Jr., JJ., concur in memorandum by Herlihy, J.