■ SARA MORTIMER, Respondent, v KENNETH D. LYNCH et al., Appellants. (And Another Title.)—In an action to recover damages for personal injuries, the defendants appeal from an

order of the Supreme Court, Nassau County (Vitale, J.), dated May 30, 1984, which denied their motion for summary judgment.

Order affirmed, with costs.

On November 16, 1979, the defendant driver Keith B. Lynch, a volunteer fire fighter, while en route to the firehouse in response to an alarm, struck and seriously injured Daniel Boyle, a pedestrian, who suffers from cerebral palsy and severe mental retardation. The defendant driver and his codefendant, the owner of the vehicle he was driving, moved for summary judgment.

We agree with Special Term that there are issues of credibility which preclude an award of summary judgment, and that the defendants failed to sustain their burden of demonstrating, as a matter of law, that there was no issue of fact as to whether they were guilty of "wilful negligence or malfeasance" (General Municipal Law § 205-b; CPLR 3212 [b]; *cf. Cox v Du Chaine*, 29 AD2d 814). The defendants' failure to sustain their burden of proof "required denial of [their] motion * * * regardless of the sufficiency of the opposing papers" *(1014 Fifth Ave. Realty Corp. v Manhattan Realty Co.,* 67 NY2d 718, 720).

The defendant driver's self-serving allegations that he obeyed all traffic rules, did not drive at an excessive speed, and ascertained that the intersection where the accident occurred was clear before turning, did not sustain his burden of proof. We acknowledge that "the court may not ordinarily weigh the credibility of the affiants unless untruths are clearly apparent" *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262). Here, the defendant driver claimed that he did not see Mr. Boyle, who was standing motionless in the intersection with his back to him, until he was only 3 to 5 feet away, and it was too late to stop. It is well established that "one is bound to see what, by the proper use of his senses, he might have seen" *(McAlister v Schwartz,* 105 AD2d 731, 733) and that a " 'statement that a witness [did] not see what [he] should have seen is incredible as a matter of law' " *(Terrell v Kissel,* 116 AD2d 637, 639, quoting from *Weigand v United Traction Co.,* 221 NY 39, 42). The defendant driver's affidavit and deposition are utterly devoid of any reason for his alleged failure to see Mr. Boyle before it was too late to avoid hitting him. Furthermore, whether he observed a clear intersection before proceeding and at what point he first saw Mr. Boyle are facts exclusively within his knowledge. Where "knowledge is a

key fact at issue, and peculiarly within the possession of the movant himself, summary judgment will ordinarily be denied" *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262, *supra).*

Moreover, the extent of Mr. Boyle's injuries creates an issue of fact as to the speed at which the defendants' vehicle was being operated. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.