LAURA E. RIDER, as Administratrix of the Estate of WILLIAM E. MURTHEY, Deceased, et al., Appellants, v GASLIGHT TAVERN CORPORATION et al., Defendants, and VALATIE RESCUE SQUAD, INC., Respondent.

Third Department, February 26, 1987

## APPEARANCES OF COUNSEL

*McClung, Peters & Simon (John W. Scott* of counsel), for appellants.

*Cynthia S. LaFave (Joan P. Tailleur* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

On November 2, 1980 between 6:00 P.M. and 7:00 P.M., William E. Murthey agreed to drive David Agan, Jack Agan and Linda De Felice from the Gaslight Tavern in the City of Hudson, Columbia County, to the house of Agans' parents in the nearby community of Niverville. Murthey and his passengers were all drinking and in various stages of intoxication. Murthey continued to drink while driving and began shaking, shivering, vomiting and experiencing seizure-like fits after his vehicle arrived at the Agans' home in Niverville. David Agan called defendant Valatie Rescue Squad, Inc. (hereinafter defendant). The members of defendant conducted a cursory medical inspection of Murthey, including a visual inspection and measurement of blood pressure and pulse. They did not see any signs of blood or vomiting and Murthey indicated that he was healthy and did not wish to receive any medical treatment. The members of defendant determined that Murthey was intoxicated but did not appear to be seriously ill or injured.

At about the time defendant appeared at the premises, Richard Nesbitt, a State Trooper, appeared in response to a scanner message indicating a rescue call had been activated by a complaint of an erratic driver in the vicinity. Nesbitt questioned Murthey and after reaching the conclusion that he was intoxicated but not otherwise disabled, he excused the members of defendant. Nesbitt then gave Murthey's car keys to De Felice, who offered to let Murthey sober up at her house rather than let him be arrested. Nesbitt then departed.

Subsequently, the Agans and De Felice entered Murthey's car and, with David Agan driving, headed toward De Felice's house. Murthey, who had been sleeping in the front passenger seat, awoke and demanded to drive. When his request was refused, Murthey punched David Agan and grabbed the steering wheel, causing the vehicle to leave the road. When David Agan placed the car back on the road, Murthey again grabbed the wheel, causing the car to run down an embankment

where it stopped 20 feet from the edge of Kinderhook Lake. After David Agan and Jack Agan were unable to extricate the car, they, together with De Felice, left Murthey in the car covered by a blanket.

On November 4, 1980, at approximately 10:30 A.M., Murthey's body was discovered on the bank of Kinderhook Lake. The Coroner's report indicated that Murthey had a blood alcohol content of .25% and that the death was caused by exposure. There was no evidence indicating that the cause of death was due to medical complications.

The administratrix of Murthey's estate, and Murthey's children, commenced this action against, among others, defendant to recover damages. Defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion. This appeal by plaintiffs ensued.

Plaintiffs' argument that the order summarily dismissing their complaint must be reversed is premised on their contention that defendant's negligence was the proximate cause of Murthey's death, and, further, that the doctrine enumerated by the Court of Appeals in *Parvi v City of Kingston* (41 NY2d 553) to the effect that one who takes charge of another who is helpless to properly protect himself may be liable for failure to exercise reasonable care to secure the safety of the helpless person or leaves the helpless person in a worse position than when he took charge of him, compels a finding of liability on the part of defendant on the facts herein. We disagree.

Here, given the .25% alcoholic content of Murthey's blood and the Coroner's report that the death was caused by exposure and not by medical complications which were a direct result of alcohol consumption, i.e., a toxic reaction or any kind of seizure, we cannot say that any alleged failure to render medical assistance by defendant was a proximate cause of Murthey's demise. Further, defendant was excused from remaining at the scene by Trooper Nesbitt long before the intervening acts of the Agans and De Felice in deciding to leave Murthey in his car covered by a blanket. Given these facts, there is no proximate relationship between Murthey's death and defendant's conduct *(see, Kush v City of Buffalo,* 59 NY2d 26, 33).

Supreme Court was correct in deciding that *Parvi v City of Kingston* (41 NY2d 553, *supra)* did not apply. In *Parvi,* the Court of Appeals found that having taken the plaintiff into custody, the police had a duty to treat him with due care and

could not place him in a position of equal or greater peril than that in which he was found. Here, defendant left Murthey with a State Trooper, the Agans and De Felice. Defendant had not altered Murthey's situation or participated in or planned with the Agans or De Felice to take him to the home of De Felice where he would sleep.

Finally, defendant is a volunteer rescue squad and Public Health Law § 3013 (1) relieves volunteer rescue squads from liability for the administration of emergency treatment unless gross negligence is established. Based on the facts herein, we cannot say that defendant was negligent, let alone grossly negligent, in treating Murthey. Thus, in the absence of any triable issues of fact as to defendant's liability for Murthey's death, Supreme Court correctly granted its motion for summary relief.

KANE, CASEY, WEISS and YESAWICH, JR., JJ., concur.

Order affirmed, with costs.