■ ANTHONY LOTITO et al., Plaintiffs, v SUSAN M. LUND, Defendant and Third-Party Defendant-Respondent. ANTHONY J. FRUMENTO et al., Defendants and Third-Party Plaintiffs-Appellants; LEONARD E. VITULLO, Respondent, et al., Third-Party Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendants third-party plaintiffs Anthony J. Frumento and Angel Plants, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 9, 1986, as granted that branch of the defendant Leonard E. Vitullo's motion which was to dismiss all cross claims asserted against him, denied their cross motion for leave to amend their cross complaint against the defendant Vitullo, and granted the defendant second third-party defendant Susan M. Lund's cross motion to dismiss their third-party complaint against her.

Ordered that the order is modified, by deleting the provision thereof which denied the cross motion of the defendants third-party plaintiffs Anthony J. Frumento and Angel Plants, Inc., for leave to amend their cross complaint against the defendant Leonard E. Vitullo, and substituting therefor a provision granting the cross motion. As so modified, the order is affirmed insofar as appealed from, with costs to the defendants third-party plaintiffs-appellants. The defendants third-party plaintiffs-appellants shall serve their cross complaint within 20 days of service upon them of a copy of this decision and order, with notice of entry.

This action arose due to a motor vehicle accident which occurred on November 19, 1982. It was alleged that the plaintiff Anthony Lotito, a Nassau County police officer, was seated in a parked police vehicle which was struck by a vehicle owned and operated by Susan M. Lund, which previously had been struck by a vehicle owned and operated by Leonard E. Vitullo, which previously had been struck by a vehicle owned by Angel Plants, Inc., and operated by Anthony J. Frumento. Insofar as is pertinent to this appeal, the plaintiffs commenced an action against Lund, Vitullo, Frumento and Angel Plants. The defendants Lund and Vitullo served separate answers containing cross claims against each other and the remaining defendants. Vitullo subsequently served an amended answer which asserted, as an affirmative defense, that recovery against him was barred by General Municipal

Law § 205-b.* Thereafter, Frumento and Angel Plants served an answer which contained a cross claim alleging that Lund and Vitullo had acted with "recklessness, carelessness and negligence".

By order dated October 30, 1985, the Supreme Court, Nassau County (Meade, J.), granted a motion by the defendant Lund for summary judgment dismissing the complaint and all cross claims and counterclaims asserted against her, on the ground that, at the time of the accident, she was performing her duty as a volunteer firefighter and, because the complaint contained no allegation of willful negligence or malfeasance, it failed to state a cause of action by reason of General Municipal Law § 205-b. Thereafter, Frumento and Angel Plants served a second third-party complaint against Lund, alleging, *inter alia,* that she had acted with willful negligence and malfeasance.

Vitullo then moved for summary judgment dismissing the complaint and cross claims asserted against him on the ground that he, like Lund, had been performing his duty as a volunteer firefighter at the time of the accident and was, therefore, immune from liability under General Municipal Law § 205-b. Frumento and Angel Plants then cross-moved to amend their cross complaint against Vitullo to alleged "recklessness, carelessness, gross negligence, and wilful malfeasance". Lund cross-moved to dismiss the second third-party action against her by Frumento and Angel Plants on the ground that the prior order granting summary judgment in her favor precluded the second third-party action under the doctrine of res judicata.

By order dated April 9, 1986, the Supreme Court, Nassau County (Roncallo, J.), decided, *inter alia,* the foregoing applications as follows: (1) the court granted Vitullo's motion for summary judgment dismissing the complaint and all cross claims asserted against him, based upon the rationale expressed by Justice Meade in the prior order granting summary judgment in favor of Lund; (2) the court denied the cross motion by Frumento and Angel Plants to amend their cross complaint against Vitullo; and (3) the court granted the cross motion by Lund to dismiss the second third-party complaint against her by Frumento and Angel Plants.

---

* General Municipal Law § 205-b provides, in pertinent part: "Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance."

We conclude that the court properly dismissed the cross claims interposed by Frumento and Angel Plants against Vitullo, inasmuch as the pleading did not contain the necessary allegations of willful negligence or malfeasance to avoid the exemption from civil liability conferred by General Municipal Law § 205-b, and, thus, the pleading failed to state a cause of action *(see, Cox v Du Chaine,* 29 AD2d 814; *Hopkins v East Syracuse Fire Dist.,* 49 Misc 2d 197). However, in the absence of any showing of prejudice or surprise, we modify the order by granting the cross motion of Frumento and Angel Plants for leave to amend their cross complaint against Vitullo *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Cox v Du Chaine, supra).*

We further conclude that Lund's cross motion to dismiss the second third-party complaint filed by Frumento and Angel Plants against her was properly granted. Although the order of Justice Meade purportedly granted summary judgment *(see,* CPLR 3212) in favor of Lund dismissing the complaint and all cross claims and counterclaims against her, it appears that the order actually dismissed the complaint for failure to state a cause of action *(see,* CPLR 3211 [a] [7]), because it failed to allege that her conduct constituted willful negligence or malfeasance *(see,* General Municipal Law § 205-b; *Cox v Du Chaine,* 29 AD2d 814, *supra; Hopkins v East Syracuse Fire Dist.,* 49 Misc 2d 197, *supra).* Thus, Frumento and Angel Plants were required to seek leave to replead *(see,* CPLR 3211 [e]), and, because they neither applied for nor obtained leave to replead in this case, their subsequent service of a second third-party complaint upon Lund was improper and the second third-party complaint was, therefore, properly dismissed *(see, Chartered Bank v American Trust Co.,* 48 Misc 2d 314, 317, *affd* 26 AD2d 623, *lv denied* 18 NY2d 578; *Lehman v Arlen Operating Co.,* 54 Misc 2d 372). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.