■ DEBBIE SACHER, an Infant, by Her Father and Natural Guardian, FRED J. SACHER, Respondent, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Defendants, and PARKE-DAVIS, a Division of WARNER-LAMBERT COMPANY, Appellant.— In a medical malpractice and drug products liability action to recover damages for personal injuries, the defendant drug manufacturer appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated June 15, 1987, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

In March 1965 Marion Sacher gave birth to Debbie Sacher, the infant plaintiff. During the delivery, the drug tocosamine and then, more than two hours later, Pitocin were administered to Mrs. Sacher by Dr. Maurice Cohen. At birth, the plaintiff was cyanotic because of hypoxia. The plaintiff now alleges in a malpractice action against Dr. Cohen and the hospital and in a products liability action against the appellant, the manufacturer of the drug Pitocin, that she was brain injured at birth. Specifically, her claim against the appellant is that a lack of an adequate warning on its pharmaceutical product caused her injury.

Although a drug manufacturer has the continuing obligation to keep abreast of knowledge of its products and to take such steps as are reasonably necessary to bring that knowledge to the attention of the medical profession *(see, Baker v St. Agnes Hosp.,* 70 AD2d 400, 406), there is generally no duty to adequately warn users of products who are fully aware of the risks attendant to their use *(see, Rosebrock v General Elec. Co.,* 236 NY 227, 237-238). On a motion for summary judgment, however, self-serving statements of an interested party which refer to matters exclusively within that party's knowledge create an issue of credibility which should not be decided by the court but should be left for the trier of facts *(see, Frame v Mack Markowitz, Inc.,* 125 AD2d 442; *Mortimer v Lynch,* 119 AD2d 558).

At bar, a drug manufacturer seeks summary judgment because the plaintiff's prescribing physician was, despite any inadequacies in its warning, fully aware of the drug's risks and would have acted no differently even if adequate warnings were given. Its moving papers established such facts by relying on the self-serving statements of the prescribing physician who was a codefendant subject to the malpractice claims of the plaintiff. Consequently, the appellant's papers created an issue of credibility which should properly be left for the trier of the facts. The appellant's summary judgment motion was properly denied. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.