OPINION OF THE COURT
Nicholas A. Clemente, J.
In an action to recover for alleged medical malpractice, plaintiff has asserted causes of action against a physician, Arthur Tomases, and a drug manufacturer, Schering Corporation. The drug manufacturer now moves for an order pursuant to CPLR 3212 granting it summary judgment.
The substance of the claim against Schering is that as a drug manufacturer, it failed to give adequate warnings of the hazards associated with use of the prescription drug Etrafon. This drug was prescribed to plaintiff by Dr. Tomases.
*808 Sobering claims that it is entitled to summary judgment because there is no question that Dr. Tomases was fully aware of the risks associated with Etrafon before prescribing it and that in any event the warnings given were sufficient especially since the very condition plaintiff complains of, dyskinesia, was listed as a known risk in the Physicians Desk Reference.
In opposing the motion, plaintiff’s attorney submits an affirmation in which he contends that since the ultimate consumer of Etrafon was not supplied with a package insert warning of its dangers, Sobering had a higher degree of duty to inform a prescribing physician of the risks associated with the drug than would otherwise be the case; that Sobering should have followed the practice of a rival drug manufacturer of supplying physicians with a pamphlet setting forth a simple test to determine the presence of dyskinesia and that Sobering failed to provide doctors with the knowledge through the Physicians Desk Reference that patients who were given drug-free periods were less likely to develop dyskinesia than patients who were not.
The issues presented by Schering’s motion are resolved by the principles enunciated in Eiser v Feldman (123 AD2d 583-584), where the court stated
"A prescription drug manufacturer discharges its duty to warn of risks posed by its products by warning the prescribing physician of those risks which the manufacturer either has, or should, in the exercise of due diligence, have knowledge. (Wolfgruber v Upjohn Co., 72 AD2d 59 [4th Dept 1979], affd on opn below 52 NY2d 768 [1980]; Restatement [Second] of Torts § 402 A.) Once so informed by the manufacturer, the physician, acting as intermediary, is able to explain the drug’s risks and benefits to the patient who will then be in a position to make an informed decision as to his or her use of the medication. (Id.) * * *
"While the adequacy of warnings is often properly left for jury determination, there are cases, and this is one, where no triable question is raised (see, Wolfgruber v Upjohn Co., supra, at p. 62). Plaintiff, who, it must be noted, has completed discovery, has not come forward, as she must in response to the within summary judgment motion, with any evidentiary facts tending to show that appellant’s clear warnings were in any way deficient. (See, e.g., Zuckerman v City of New York, 49 NY2d 557, 560 [1980]; Weinberg v Johns-Manville Prods. Corp., 67 AD2d 640, 641 [1st Dept 1979].) Nothing in the record *809 indicates that the warnings provided by appellant deceptively minimized the danger posed to plaintiff or were in any other manner misleading. Where, as here, express warnings have been given against the complained-of harm, bare allegations of inadequacy in those warnings are not sufficient to defeat a drug manufacturer’s motion for summary judgment (Wolfgruber v Upjohn Co., supra, at pp. 62-63).”
It is uncontroverted at bar that Dr. Tomases knew of the risks of the subject drug and that Sobering had given warnings of its risks. Plaintiff’s speculative presentation of possible inadequacies in the warnings given does not without any evidentiary backup create an issue of fact (cf., Bikowicz v Nedco Pharmacy, 130 AD2d 89, lv dismissed 68 NY2d 641; Baker v St. Agnes Hosp., 70 AD2d 400).
It is true that Scher v Long Is. Jewish-Hillside Med. Center (142 AD2d 567) lends some support to the view that the motion should be denied. In Sacher (supra, at 568), the court stated, "At bar * * * [appellant] drug manufacturer seeks summary judgment because the plaintiff’s prescribing physician was, despite any inadequacies in its warning, fully aware of the drug’s risks and would have acted no differently even if adequate warnings were given. Its moving papers established such facts by relying on the self-serving statements of the prescribing physician who was a codefendant subject to the malpractice claims of the plaintiff. Consequently, the appellant’s papers created an issue of credibility which should properly be left for the trier of the facts. The appellant’s summary judgment motion was properly denied.”
In the instant case, Schering relies on Dr. Tomases’ testimony that he was informed of the risks of Etrafon. Unlike Sacher (supra), however, the defendant has come forward with evidentiary matter to support his position while plaintiff relies solely on his speculative assertions as to inadequacies of the warnings.
Accordingly, the motion for summary judgment should be granted.