■ DELLA LO SAVIO, Appellant, v EDWARD I. SUMBER et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Putnam County (Dickinson, J.), dated July 1, 1988, which granted the defendants' motions to dismiss the complaint and denied the plaintiff's cross motion for leave to replead.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

By orders dated February 17, 1988, the Supreme Court granted the defendants' separate motions to dismiss the complaint for failure to state a cause of action. Under such circumstances, the plaintiff was required to obtain leave to replead prior to serving a second complaint (see, CPLR 3211 [e]; Lotito v Lund, 129 AD2d 776). Although the plaintiff did request that she be granted leave to replead when opposing the original dismissal motions, no such leave was granted (see, Bardere v Zafir, 63 NY2d 850). Thus, the defendants' motions to dismiss the amended complaint for failure to comply with CPLR 3211 (e) were properly granted. Moreover, the plaintiff's second and belated request for leave to replead was properly denied, as the plaintiff failed to establish that her underlying medical malpractice action was meritorious (see, CPLR 3211

[e]; *Scaccia v Mack Trucks,* 83 AD2d 903; *see also, Larson v Crucet,* 105 AD2d 651).

Finally, we note that the plaintiff's contention that the defendants waived their right to seek dismissal of the amended complaint on the ground that she had not obtained leave to replead by failing to assert that ground as an affirmative defense is devoid of merit. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.