■ ANDREW D. TITLEY, Respondent, v AMERFORD INTERNATIONAL CORPORATION, Appellant. [671 NYS2d 497] —In an action, *inter alia*, for indemnification, the defendant appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 8, 1997, as granted that branch of the plaintiff's motion which was for summary judgment on the first

cause of action for indemnification for expenses incurred in connection with a criminal prosecution.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion which was for summary judgment on the first cause of action is denied.

The plaintiff, a former officer of the defendant Amerford International Corporation (hereinafter AIC), commenced the instant action, seeking, *inter alia*, in the first cause of action, indemnification under the certificate of incorporation of AIC for expenses incurred in connection with a criminal prosecution against him. In granting partial summary judgment to the plaintiff on the first cause of action, the Supreme Court erroneously relied upon language contained in the certificate of incorporation for a corporation known as AMFD Merger Corporation, which provided for indemnification unless the judgment of conviction established that the employee's acts were committed in bad faith or were the result of active and deliberate dishonesty. The certificate of incorporation of AIC, however, provides for indemnification to the fullest extent permitted by Business Corporation Law §§ 721-725. Pursuant to Business Corporation Law § 722, to be entitled to indemnification the plaintiff must establish that he acted in good faith in what he believed to be the best interests of the corporation, and that he had no reason to believe that his actions were unlawful. Whether the plaintiff acted in good faith, and whether he had reasonable cause to know that his conduct was unlawful are matters exclusively within his knowledge. Issues of fact therefore exist, and summary judgment should have been denied (*Sacher v Long Is. Jewish-Hillside Med. Ctr.,* 142 AD2d 567, 568).

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.