■ TONIA WOODY, as Administratrix of the Estate of LENWARD WOODY, Deceased, Respondent, v ASTORIA GENERAL HOSPITAL, INC., Doing Business as WESTERN QUEENS COMMUNITY HOSPITAL, et al., Defendants, and CITYWIDE AMBULANCE SERVICE, INC., et al., Appellants. [694 NYS2d 41] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered October 23, 1998, which, insofar as appealed from, denied defendants-appellants ambulance service's, ambulance driver's and emergency medical technician's (EMT), motion for summary judgment dismissing the complaint as against them, and granted plaintiff's cross motion to amend the complaint so as to assert claims of gross negligence directly as against defen-

dant EMT and vicariously as against defendant ambulance service and a claim for punitive damages as against defendant EMT, unanimously modified, on the law, to dismiss the action as against defendant EMT, and to deny leave to amend the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Rose Romano dismissing the complaint as against her.

Defendant EMT is immune from liability for ordinary negligence under Mental Hygiene Law § 9.59, which applies here since the decedent was being involuntarily transported from an emergency room to a psychiatric hospital. As such, defendant EMT can be held liable only if the driver's acts in transporting the decedent amounted to gross negligence, i.e., evinced a "reckless disregard" for the decedent's rights or "intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823, 824). Plaintiff fails to demonstrate any indicia of such gross negligence. The statute, however, does not avail defendant ambulance service where the claim of negligence against it is based not on its transport of the decedent but rather on its failure to provide qualified, competent personnel. Nor does the statute, which in terms applies only to ambulance services and EMTs, avail defendant ambulance driver, whose negligence, as the motion court found, is an issue of fact. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Rubin and Andrias, JJ.