■ JOSEPH G. O'LEARY, Individually and as Administrator of the Estate of ROSEMARIE O'LEARY, Deceased, Appellant, v GREENPORT FIRE DEPARTMENT et al., Respondents, et al., Defendants. (Action No. 1.) JOSEPH G. O'LEARY, Individually and as Administrator of the Estate of ROSEMARIE O'LEARY, Deceased, Plaintiff, v GATEWOOD EMERGENCY SERVICES OF NEW YORK, P. C., Formerly Known as COOPER EMERGENCY SERVICES OF NEW YORK, INC., et al., Defendants. (Action No. 2.) [714 NYS2d 451] —In related actions, *inter alia,* to recover damages for wrongful death, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered August 11, 1999, as, upon the granting of the motion of the defendants Greenport Fire Department, Village of Greenport, and County of Suffolk for summary judgment dismissing the complaint insofar as asserted against them in Action No. 1, is in favor of the defendants Greenport Fire Department and Village of Greenport and against them, dismissing the complaint in that action insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contentions, they failed to demonstrate the existence of any genuine issue of fact to rebut the respondents' prima facie showing of entitlement to judgment as a matter of law. Pursuant to Public Health Law § 3013 (1), the respondents could be held liable only if their emergency medical technicians were grossly negligent in rendering emergency medical assistance to the plaintiffs' decedent (*see, Rider v Gaslight Tavern Corp.,* 125 AD2d 144; *Woody v Astoria Gen. Hosp.,* 264 AD2d 318). The plaintiffs failed to come forward with any persuasive evidence to support the claim of gross negligence (*see, Amsler v Verrilli,* 119 AD2d 786). Moreover, the plaintiffs failed to plead gross negligence, and never sought

leave to amend the complaint (*see, Ciriello v Virgues,* 156 AD2d 417; *Lotito v Lund,* 129 AD2d 776).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.