■ ESTATE OF WILLIAM KLINGER et al., Appellants-Respondents, v CORONA COMMUNITY AMBULANCE CORPS., INC., et al., Appellants, and STERLING DOUBLEDAY ENTERPRISES, LP, Respondent. [753 NYS2d 126] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 25, 2001, as granted that branch of the motion of the defendant Sterling Doubleday Enterprises, LP, which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants

Corona Community Ambulance Corps., Inc., Corona-East Elmhurst Volunteer Ambulance Corporation, E.M.T. Arellano, E.M.T. Saavedra, and E.M.T. "John" Rodriguez separately appeal, as limited by their brief, from so much of the same order as denied that branch of the motion of the defendants Corona Community Ambulance Corps., Inc., E.M.T. Arellano, E.M.T. Saavedra, and E.M.T. "John" Rodriguez, which was for summary judgment dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal by the defendant Corona-East Elmhurst Volunteer Ambulance Corporation is dismissed, as it is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Corona Community Ambulance Corps., Inc., E.M.T. Arellano, E.M.T. Saavedra, and E.M.T. "John" Rodriguez which was for summary judgment dismissing the complaint and cross claims insofar as asserted against the defendants E.M.T. Arellano, E.M.T. Saavedra, and E.M.T. "John" Rodriguez, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Sterling Doubleday Enterprises, LP, payable by the plaintiffs.

Pursuant to Public Health Law § 3013, the individual defendants E.M.T. Arellano, E.M.T. Saavedra, and E.M.T. "John" Rodriguez, who are voluntary emergency medical technicians, could be held liable only if they were grossly negligent in rendering emergency medical assistance to the decedent (see O'Leary v Greenport Fire Dept., 276 AD2d 539; Rider v Gaslight Tavern Corp., 125 AD2d 144). These defendants established their prima facie entitlement to summary judgment by demonstrating that they were not grossly negligent in rendering medical assistance to the decedent (see Public Health Law § 3013; Woody v Astoria Gen. Hosp., 264 AD2d 318). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them should have been granted.

Public Health Law § 3013, however, does not avail a voluntary ambulance service where the claim of negligence against it is based on its failure to provide qualified, competent personnel (see Woody v Astoria Gen. Hosp., supra). With respect to

the defendant Corona Community Ambulance Corps., Inc., there are questions of fact as to whether it was negligent in failing to provide a competent ambulance driver.

Contrary to the plaintiffs' contention, Sterling Doubleday Enterprise, LP, had no obligation to administer medical services to the decedent.

The plaintiffs' remaining contentions are without merit.

Since the defendant Corona-East Elmhurst Volunteer Ambulance Corporation never moved for summary judgment dismissing the complaint insofar as asserted against it or joined in the motion of the other defendants for summary judgment, it is not aggrieved by the order appealed from (see CPLR 5511). Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.