■ LUCILLE BROWNING, Appellant, v WYETH, INC., Formerly Known as AMERICAN HOME PRODUCTS CORPORATION, et al., Respondents, et al., Defendant. [831 NYS2d 804]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Anthony J. Paris, J.),

entered April 25, 2006. The order and judgment, among other things, granted the motion of defendants Wyeth, Inc., formerly known as American Home Products Corporation, and Wyeth Pharmaceuticals, formerly known as Wyeth-Ayerst Pharmaceuticals, Inc., for summary judgment dismissing the second amended complaint against them.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of taking certain prescription drugs manufactured by Wyeth, Inc. and Wyeth Pharmaceuticals (defendants). Plaintiff asserted causes of action for, inter alia, misrepresentation and failure to warn. Supreme Court properly granted the motion of defendants for summary judgment dismissing the second amended complaint against them. The duty of a manufacturer to warn of the potential adverse effects of its prescription drugs is fulfilled by providing adequate warnings to the prescribing physician, who acts as an " 'informed intermediary' " between the manufacturer and the patient (*Glucksman v Halsey Drug Co.*, 160 AD2d 305, 307 [1990]). Defendants met their burden by establishing that the warnings provided with the drugs taken by plaintiff were adequate as a matter of law, i.e., they portrayed with "sufficient intensity" the risks involved in taking the drugs (*Martin v Hacker*, 83 NY2d 1, 10 [1993]), and the conclusory opinion of plaintiff's expert was insufficient to raise an issue of fact (*see generally Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130 [2006]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.