■ JOHN CLAR et al., Respondents, v HUBERT F. RIEGLER, M.D., et al., Defendants, and SYNTHES, USA, Appellant. [849 NYS2d 739]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 6, 2006 in a medical malpractice and products liability action. The order denied the motion of defendant Synthes, USA for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by John Clar (plaintiff) as a result of the fracture of a surgical screw installed in his right shoulder. The screw was manufactured by Synthes, USA (defendant) and, as against defendant, plaintiffs asserted causes of action for, inter alia, defendant's failure to warn and defendant, as limited by its brief on appeal, contends that Supreme Court erred in denying that part of its motion for summary judgment dismissing that cause of action against it. We affirm. A manufacturer of a product used by the medical community has a duty to warn the medical community "of all potential dangers which it knows or should know, and must take such steps as are reasonably necessary to bring that knowledge to the attention of the medical [community]" (*Glucksman v Halsey Drug Co.*, 160 AD2d 305, 307 [1990]). The warning must provide sufficient information to those members of the medical community "who may be expected to have the least knowledge and experience with the [product]" (*Martin v Hacker*, 83 NY2d 1, 9 [1993]). Defendant failed to meet its initial burden with respect to the duty to warn inasmuch as it submitted no evidence that it provided warnings to plaintiff's treating physician or, indeed, to any part of the medical community concerning the possibility of fracture of the surgical screw (*cf. Browning v Wyeth, Inc.*, 38 AD3d 1177 [2007], *lv denied* 9 NY3d 801 [2007]). In any event, we agree with the court that there is a triable issue of fact whether plaintiff's treating physician was a "knowledgeable user" of defendant's surgical screws, thus obviating the need for warnings (*see Sacher v Long Is. Jewish-Hillside Med. Ctr.*, 142 AD2d 567, 568 [1988]). Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.